BEAL, COUNTY ATTORNEY OF DOUGLAS COUNTY, NEBRASKA, ET AL. *v.* MISSOURI PACIFIC RAILROAD CORP.

No. 72. Argued December 17, 1940.—Decided January 20, 1941.

46

Messrs. *H. Emerson Kokjer* and *Edwin Vail,* Assistant Attorneys General of Nebraska, with whom *Mr. Walter R. Johnson,* Attorney General, was on the brief, for petitioners.

*Mr. G. L. DeLacy,* with whom *Messrs. J. A. C. Kennedy, R. E. Svoboda,* and *E. J. Svoboda* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The question is whether respondent, plaintiff in the district court below, has established a cause of action in equity entitling it to a decree enjoining petitioners, the Attorney General of Nebraska and other state officers from prosecuting respondent's agents and officers in the state courts for criminal violations of the Nebraska Full Train Crew Law, § 74–519 Comp. Stat. of Nebraska, 1929.

The statute makes it unlawful for any railroad in Nebraska to operate any passenger train of more than five cars "with a crew consisting of less than one engineer, one fireman, one conductor, one brakeman and one flagman." Passenger trains of five cars or less are required to be operated with a like crew, except that only "one brakeman or flagman" is required instead of the one brakeman and one flagman required in the case of trains of more than five cars. By § 74–522 officers or agents of railroads dispatching trains in violation of the statute are guilty of a misdemeanor punishable by fine of not less than $100 nor more than $1,000 for each offense, and

the railroad is made liable for any damage caused by violations.

Respondent's bill of complaint invoked the jurisdiction of the district court on grounds of diversity of citizenship. The facts alleged, so far as now material, are as follows. Respondent operates two trains in Nebraska, on which it assigns for the performance of the duties of a brakeman or flagman required by the statute, colored employees who are fully qualified to perform and do perform those duties, but who are designated as "brakemen-porters" and paid lower wages than are respondent's white "brakemen."

On complaint lodged with the State Railway Commission by an officer of the Brotherhood of Railroad Trainmen, it was alleged that respondent violated the statute, by employing brakemen-porters to perform the services of brakemen or flagmen. The Commission twice dismissed the complaint, but upon rehearing it ruled that although respondent's brakemen-porters, in addition to the duties of brakemen, when performance of such duties permit, render some services as porters, they competently perform the duties to which they are assigned, namely those of brakemen or flagmen, and that respondent's trains, so far as the public safety is concerned, are adequately manned. The Commission declined to pass upon the question whether their employment in the manner alleged complied with the Full Train Crew Law of the state and ordered that the records in the case be made available to the state attorney general for his use, if so advised, in prosecuting respondent for violation of any criminal statute of the state.

The bill of complaint also alleges that employment of white brakemen for the services now performed by respondent's brakemen-porters will compel it to pay an increase of wages in excess of the jurisdictional amount, and that as each train movement involves an alleged vio-

lation of the statute, numerous prosecutions for violations, which petitioners threaten, will result in imposing on respondent the burden of many litigations in the state criminal courts. Such prosecutions, if successful, it is alleged, will result in the imposition of aggregate fines in excess of $1,000,000 a year. The relief prayed is that the threatened prosecutions be declared to be unauthorized by the statute, and that petitioners be enjoined from interfering with the operation of respondent's trains through criminal prosecution or otherwise.

After denial by the district court of petitioners' motion to dismiss the bill of complaint for want of equity, petitioners answered denying among others the allegations that respondent is threatened with multiplicity of criminal suits or that petitioners intended to proceed with prosecutions for violation of the statute, except as specifically stated in the answer. The answer sets up affirmatively that the attorney general has under consideration the question of respondent's compliance with the statute, and in the event that he should determine that it is "necessary and proper to do so" in order to obtain a judicial determination of the question, he would cause a single test suit to be instituted in the state courts for some one alleged violation of the act by respondent, so conducted as to cause a minimum of financial expense to respondent and without seeking to inflict financial penalties or loss on respondent prior to a final determination of the suit in the state courts.

The district court, without trial of any issue of fact, gave its decree for respondent, on the pleadings, for an injunction as prayed. The Court of Appeals for the Eighth Circuit affirmed. 108 F. 2d 897. We granted certiorari, 311 U. S. 623, on a petition which challenged the equity jurisdiction of the district court to enjoin, in the circumstances, a criminal proceeding in the state courts, the question being of public importance since it

involves the appropriate relationship of the federal to the state courts.

The court of appeals, construing the statute, held that the crews on respondent's trains conform to the statutory requirements; that criminal prosecution of respondent's officers is unauthorized by the Act and unlawful. It supported the exercise of the equity powers of the court to restrain the prosecutions on the ground that the attempted enforcement of the statute as construed by petitioners would subject respondent to a multiplicity of such prosecutions and to the risk, if petitioners' construction of the statute should be sustained, that fines or penalties aggregating a large amount would be imposed.

It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. *In re Sawyer,* 124 U. S. 200, 211; *Davis & Farnum Mfg. Co.* v. *Los Angeles,* 189 U. S. 207; *Hygrade Provision Co.* v. *Sherman,* 266 U. S. 497, 500. No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid. *Terrace* v. *Thompson,* 263 U. S. 197, 214; *Packard* v. *Banton,* 264 U. S. 140, 143; *Tyson* v. *Banton,* 273 U. S. 418, 428; *Cline* v. *Frink Dairy Co.,* 274 U. S. 445, 452.

This is especially the case where the only threatened action is the prosecution in the state courts by state officers of an alleged violation of state law, with the resulting final and authoritative determination of the disputed question whether the act complained of is lawful or unlawful. *Harkrader* v. *Wadley,* 172 U. S. 148; *Spielman Motor Co.* v. *Dodge,* 295 U. S. 89, 95. The federal courts are without jurisdiction to try alleged

criminal violations of state statutes. The state courts are the final arbiters of their meaning and appropriate application, subject only to review by this Court if such construction or application is appropriately challenged on constitutional grounds. *Hygrade Provision Co.* v. *Sherman, supra; Fenner* v. *Boykin,* 271 U. S. 240.

Hence interference with the processes of the criminal law in state courts, in whose control they are lodged by the Constitution, and the determination of questions of criminal liability under state law by federal courts of equity, can be justified only in most exceptional circumstances, and upon clear showing that an injunction is necessary in order to prevent irreparable injury. Cf. *Hygrade Provision Co.* v. *Sherman, supra; Cline* v. *Frink Dairy Co., supra; Spielman Motor Co.* v. *Dodge, supra.* And in the exercise of the sound discretion, which guides the determination of courts of equity, scrupulous regard must be had for the rightful independence of state governments and a remedy infringing that independence which might otherwise be given should be withheld if sought on slight or inconsequential grounds. *Di Giovanni* v. *Camden Insurance Assn.,* 296 U. S. 64, 73, and cases cited.

Here the court below found danger of irreparable injury in the threatened multiplicity of prosecutions and risk that the aggregate fines which might be imposed would be very large. But whether more than one criminal prosecution is threatened was by the pleadings made an issue of fact which the district court did not resolve. If it had found after a hearing, as the answer alleges, that only a single suit is contemplated, we could not say that any such irreparable injury is threatened as would justify staying the prosecution and withdrawing the determination of the legal question from the state courts, whose appointed function is to decide it. *Boise Artesian*

*Water Co.* v. *Boise City*, 213 U. S. 276, 287; *Spielman Motor Co.* v. *Dodge, supra*, 96.

If its decision should be favorable to respondent no reason is shown for anticipating further prosecutions. If it were adverse, penalties in large amount, it is true, might be incurred, but they may well be the consequence of violations of state law. No question is here presented of the constitutional validity of the statute because the penalties which it inflicts are so great as to prevent recourse to the courts for the adjudication of respondent's rights under it. See *Ex parte Young*, 209 U. S. 123, 144; *Missouri Pacific Ry. Co.* v. *Tucker*, 230 U. S. 340, 349.

It does not appear that any motion was made by the parties for judgment on the pleadings. But the record shows that the trial court entered the decree in respondent's favor on its own motion. Upon such a motion denials and allegations of the answer which are well pleaded must be taken as true. So taken the decree for respondent cannot be sustained and must be reversed. The majority of the Court are of opinion[1] that in view of the state of the record and certain concessions made by counsel on the argument here any further hearing of the issue of irreparable injury to respondent from a threatened multiplicity of suits has been waived. The reversal will accordingly be with instructions to the district court to dismiss the bill of complaint.

*It is so ordered.*

[1] The CHIEF JUSTICE, MR. JUSTICE MCREYNOLDS and MR. JUSTICE STONE are of opinion that the case should be remanded to the district court for further proceedings.