**WILDER v. RENO, Attorney General of Pennsylvania, et al.**

**No. 490 Civil.**

District Court, M. D. Pennsylvania.

March 11, 1942.

**728**

John R. K. Scott, of Philadelphia, Pa., for plaintiff.

M. Louise Rutherford and H. J. Woodward, Deputy Attys. Gen., for defendants.

JOHNSON, District Judge.

This is a civil action brought by George E. Wilder, a citizen of the State of Illinois, against the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Philadelphia County within this Commonwealth, to enjoin the defendants from enforcing against plaintiff and his attorney the provisions of the Pennsylvania Act of Assembly, 1935, P.L. 450, as amended, 48 P.S.Pa. § 170 et seq., which attempts to abolish causes of action for alienation of affections of husband or wife, and to make it a misdemeanor for any person or attorney to file, cause to be filed, threaten to file, or threaten to cause to be filed in any court in this Commonwealth, any pleading or paper setting forth or seeking to recover upon any cause of action abolished or barred by the Act, whether such cause of action arose within or without this Commonwealth. The penalty attempted to be imposed for violating any provision of the Act is a fine of not less than one hundred ($100) dollars nor more than one thousand ($1,000) dollars, or imprisonment for not less than one year nor more than five years.

Plaintiff's complaint alleges that he has a cause of action for alienation of his wife's affections against a citizen of this Commonwealth, and that he desires to institute a proceeding at law in the District Court of the United States for the Eastern District of Pennsylvania, to recover damages suffered by such alienation. This proceeding was instituted to forestall a threatened criminal prosecution of plaintiff and his attorney in the event such action were filed.

After careful consideration of all the evidence and the briefs filed by the parties, the court has decided that the injunction must be denied, for the reason that there is a complete lack of evidence or information of any other sort to show any threat by the defendant or any of their agents to prosecute the plaintiff or any one else in connection with any specific clause or paragraph of the prohibitions contained in the Act in question.

"Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course, even if such statutes are unconstitutional. 'No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid.' Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577. A general statement that an officer stands ready to perform his duty falls far short of such a threat as would warrant the intervention of equity. * * * For such a general statement is not the equivalent of a threat that prosecutions are to be begun so immediately, in such numbers, and in such manner as to indicate the virtual certainty of that extra- ordinary injury which alone justifies equitable suspension of proceedings in criminal courts. The imminence and immediacy of proposed enforcement, the nature of the threats actually made, and the exceptional and irreparable injury which complainants would sustain if those threats were carried out are among the vital allegations which must be shown to exist before restraint of criminal proceedings is justified." Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416, 136 A.L.R. 1426.

This court has serious doubt concerning the constitutionality of the entire Act in question and especially its penal provisions, because, first, the Act appears to take away fundamental common law rights as set forth in the opinion of this court in this same case, 39 F.Supp. 404, rendered June 21, 1941; secondly, it appears to violate the obligations of contracts and to destroy vested rights without due process of law. The penal provision is especially obnoxious because it attempts to bar resort to the courts to test the constitutionality of the Act.

In support of the Pennsylvania Act of Assembly, 1935, P.L. 450 it is contended that the Act is an exercise of the police power to prevent suits not brought in good faith. This position cannot be supported

for the following reasons: First, the very purpose of courts is to separate the just from the unjust causes; secondly, if the courts are to be closed against actions for breach of promise of marriage or for alienation of affections on the ground that some suits may be brought in bad faith, the same reason would close the door against litigants in all kinds of suits, for in every kind of litigation some suits are brought in bad faith; the very purpose of courts is to defeat unjust prosecutions and to secure the rights of parties in just prosecutions; thirdly, if the police power is to be invoked it should be in favor of the right to maintain an action for breach of promise or alienation of affections and not to prevent such actions. It is in the interest of public policy that a woman whose life and happiness have been injured or destroyed by a man who has broken his **promise to marry** her should have **the** right to conduct a suit and recover just damages or that a spouse should be able to sue and recover damages against a person who has invaded, corrupted and destroyed the sanctity of the home. The right to bring such suit not only leaves the court open for the recovery of just damages to litigants acting in good faith, but it acts also as a restraint against the breakers of contracts and the destroyers of American homes; fourthly, it is against public policy to close the doors to people who may have just claims or grievances and whose only peaceable remedy is through the courts, for in a democratic country the free and equal rights to invoke the remedies of the courts leads to contentment of the people while the closing of the doors of the courts in such cases leads to disrespect for laws and courts, discontentment and violence.

However, as pointed out above, the issue of constitutionality cannot be decisive in the present proceedings, for even if the Act is unconstitutional this court sitting as a court of equity still cannot enjoin enforcement of the statute unless there is a threat of imminent prosecution resulting in irreparable injury. This proceeding for injunction, at least now, is premature because there is no imminence of prosecution. If this plaintiff files an action for alienation of affections in the Eastern District of Pennsylvania and is then prosecuted or threatened with prosecution, this remedy by injunction may then be appropriate. Also, if the plaintiff is so prosecuted, he may raise the constitutional question in that prosecution first, by a motion to quash the indictment; secondly, as a defense at trial; and thirdly, upon a motion in arrest of judgment, from which an appeal would lie to the highest court of the land. These, and possibly other remedies, are available to the plaintiff at the proper time, but they are premature now, and the injunction must be denied.

For the foregoing reasons, it is ordered that the injunction sought by the plaintiff is denied, and the Clerk is directed to enter judgment in favor of defendants.