**MOTT v. CITY OF FLORA et al.**

Civil Action No. 625.

District Court, E. D. Illinois.

May 3, 1943.

See, also, 3 F.R.D. 232; 51 F.Supp. 963.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, Ill., and Markman, Donovan & Sullivan, of Chicago, Ill., for plaintiff.

A. J. McMahan, of Olney, Ill., Smith, McCollum & Riggle, of Flora, Ill., and E. Harold Wineland, of Flora, Ill., for defendants.

WHAM, District Judge.

The suggestion of counsel for the defendant that this suit should be dismissed or stayed in this court in order that the constitutionality or lack of constitutionality of the statute of the State of Illinois involved in the case and questioned in the answer may be authoritatively determined by the courts of Illinois has been considered in the light of the cases cited by defendant. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610.

It would appear that it would not be proper for this court to dismiss or stay the proceedings in this suit on the ground urged. From a study of the pleadings it appears possible that the constitutional question

raised by the defendant may not require determination in order finally to dispose of the case. If, however, the constitutionality of the questioned provision of the statute must be determined, then it would appear that there exists a substantial body of decisions by Illinois courts which discuss and apply the constitutional principle which will be controlling here and which should serve to light the way. As recently as April 30, 1943, our Circuit Court of Appeals rendered an opinion, here pertinent, in the case of Shell Oil Company v. Dye et al., 135 F.2d 365, 367, in which the court said: "Defendants moved for dismissal on jurisdictional grounds, on the theory that the Supreme Court of Illinois had not decided whether a grant of 'coal and other minerals' included oil. Predicated upon this premise, it is contended that under the pronouncement of Thompson [Trustee] v. Magnolia Petroleum Co. et al., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876, the lower court was not at liberty to try the cause and should have dismissed the complaint so that the parties could have litigated the controversy in the state courts. We think this contention is not tenable. While it is true the Supreme Court of Illinois has not construed a conveyance containing the exact verbiage as that here involved, it has construed words of a grant so closely and directly related that there is left little, if any, room for doubt as to the law of Illinois. Furthermore, we do not think the pronouncement in the Magnolia case means that a federal court should refuse to assume jurisdiction merely because a question is presented which varies only slightly from that decided by a state court."

Then, too, in applying to practice in the district courts the principles enunciated in the decisions of the United States Supreme Court, supra, relied upon by the defendant, there would seem to be a valid distinction between a case like this one in which the constitutionality of the questioned statute is but one of the issues in the suit which has been brought in by way of defense and a case in which the attack upon the constitutionality of a state statute forms the basis of the suit. In the latter case, in the absence of reasonably authoritative state decisions, it would appear the part of wise judicial discretion to stay the federal jurisdiction until the validity or invalidity of the state legislation can be determined through appropriate litigation in the state courts. In the former case it would seem that the proceedings should be stayed or dismissed only where there may be exceptional circumstances such as do not here appear. As was pointed out at the pretrial hearing, if the court must refuse to take this case, it would, if consistent, be compelled to refuse all cases in which the constitutionality of a state statute is in anywise brought in question unless the constitutionality of that particular statute had been passed upon and authoritatively settled by the state courts. It would not appear that it was the purpose of the United States Supreme Court, in the decisions relied upon by the defendant, to go to this length in limiting the jurisdiction or the discretion of the district courts.

The case will be for trial on the first day of June, 1943, at ten o'clock A. M., pursuant to the setting made at the pretrial hearing.