272 F.2d 384
 Harold R. STEINER, Appellant,
v.
Theodore HOCKE, United States Commissioner for the Southern
District of California, Central Division, and
Robert W. Ware, United States Marshal
for the Southern District of
California, Appellees.
James S. FREW, Appellant,
v.
Theodore HOCKE, United States Commissioner for the Southern
District of California, Central Division, and
Robert W. Ware, United States Marshal
for the Southern District of
California, Appellees.
 Misc. Nos. 895, 896.
 United States Court of Appeals Ninth Circuit.
 Nov. 5, 1959.
 
 Brock, Fleishman & Rykoff, Hollywood, Cal., for appellants.
 Laughlin E. Waters, U.S. Atty., Richard A. Lavine, Jordan A. Dreifus, Asst. U.S. Attys., Los Angeles, Cal., for appellees.
 Before POPE, HAMLEY and KOELSCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants have each been indicted in the United States District Court for the Eastern District of Michigan for allegedly mailing circulars in violation of the 'Obscene Mail Statute', 18 U.S.C.A. 1461 and 1462 as amended August 28, 1958. They were arrested upon these indictments at their residences in the Southern District of California where proceedings for their removal were instituted before the United States Commissioner. Thereupon each of them filed a suit in equity in the District Court for the District last mentioned against the Commissioner and the United States Marshal of said District, seeking to enjoin their removal. The grounds stated for the injunction sought were that the circulars they were charged with having caused to be delivered by mail in the Michigan district were the identical circulars which had theretofore been adjudged properly mailable, and whose mailing was held protected by the First Amendment in certain actions previously brought by one Toberoff against the Los Angeles postmaster.[1] Appellants alleged in such suits in equity, that the judgments in the former actions had finally adjudicated that the circulars were properly mailable, that the indictments now pending had been sought only to harass the appellants, that the District Court in Michigan was without jurisdiction to try appellants, that the Government is estopped by thr rule of res judicata, and of estoppel by judgment to prosecute appellants for mailing the circulars, and hence the removal should be enjoined and prevented.
 
 
 2
 The court below dismissed these suits on the merits, on the ground that appellants had an adequate remedy at law. Thereafter the court below, acting through another judge, ordered the removal. These appeals were taken and now appellants move us to order a stay of the removal pending disposition of the appeals from the orders dismissing the equity suits.
 
 
 3
 Appellees, in response, show that appellants have given bail bonds on removal calling for their appearance in the Michigan District to answer the indictments there. By that procedure, appellees say, appellants are now under obligation to respond in the Michigan district, and no officer in the State of California has any further function to perform in connection with their removal. Appellees move to dismiss the appeal as (1) moot, and (2) frivolous.
 
 
 4
 We deny the stay upon grounds analogous to those discussed in Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 420, 85 L.Ed. 577, namely, that 'courts of equity to not ordinarily restrain criminal prosecutions.' While that case dealt with an attempted restraint of state prosecutions, we think the quoted rule is equally applicable to restraints of federal prosecutions. While great inconvenience will result from appellants having to defend in Michigan, yet, as in the case cited, there is no showing at this date, and obviously could not be, that more than one criminal prosecution is threatened. We find no reason here why appellants should be permitted to depart from the ordinary rule that equity will not intervene in criminal prosecutions.
 
 
 5
 Since a removal order is, under the scheme of the rules and the statutes, not appealable, we think it would frustrate that scheme if a defendant could, as attempted here, frame an issue in equity designed to force an adjudication in his home district of a defense that will be fully available to him at the place of the indictment. The 1958 amendment of the statute suggests a further reason why the Congressional purpose to permit prosecutions at the place of receipt of the circulars should not be frustrated by the device here employed. See U.S. Code Congressional and Administrative News, 85 Cong., Second Session, 1958, Vol. 2, p. 4012.
 
 
 6
 The stay is denied and the appeal is dismissed.
 
 
 
 [1]
 Appellants alleged in their respective complaints that after these judgments had been made, they had purchased the business of the concerns which had been operating them at the time the postmaster had attempted to stop the mailing of the circulars out of which those actions arose. We do not reach the question whether these appellants were in sufficient privity with the original parties so as to permit application of the rules of res judicata or of collateral estoppel. Nor do we come to the question as to whether the judgments against the postmaster bound the United States. For the purpose of this order we assume that these questions may be answered in the affirmative