John TOSCANO, Plaintiff,

v.

Otto K. OLESEN, individually and as Postmaster of the City of Los Angeles, State of California, and Donald Schoof, individually and as Postal Inspector of the City of Los Angeles, County of Los Angeles, State of California, Defendants.

No. 560–60.

United States District Court
S. D. California,
Central Division.

June 10, 1960.

Brock, Fleishman & Rykoff, by Stanley Fleishman, Hollywood, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., by Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The Order to Show Cause, issued on May 13, 1960, why a preliminary injunction should not issue, heretofore heard argued and submitted, is hereby decided as follows:

1. The Order to Show Cause is discharged;

2. The Temporary Restraining Order heretofore issued is hereby dissolved; and

3. A Temporary Injunction is denied.

Formal findings and order under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and Local Rule 7, West's

Ann.Code, to be prepared by counsel for the defendants.

### Comment

█ Plaintiff has instituted an action in equity seeking to return to him property which he alleges was illegally seized by certain postal inspectors on May 12, 1960. The defendants are Otto K. Olesen, Postmaster, and Donald Schoof, Postal Inspector. General damages in an unnamed amount and punitive damages in the amount of $15,000, mandatory injunction, return of the property and other equitable relief is asked. The property seized consisted of a typewriter, an adding machine, a sealing machine, check book, motion picture films, index and filing cards, customer lists, and the like. Jurisdiction is predicated chiefly on § 1331, 28 U.S.C.A. Section 1985 of Title 42, the civil rights section, is also referred to.

A review of the record before this court leads to the conclusion that we should decline to interfere with the possession of the property or its use by the defendants, because the plaintiff has an adequate remedy at law, a motion to suppress under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. See, Beal v. Missouri Pacific R. Corp., 1941, 312 U.S. 46, 61, 61 S.Ct. 418, 85 L. Ed. 577; Steiner v. Hocke, 9 Cir., 1959, 272 F.2d 384; Hoffritz v. United States, 9 Cir., 1956, 240 F.2d 109, 111–112; Rodgers v. United States, D.C.S.D.Cal. 1958, 158 F.Supp. 670, 683–684.

An Indictment for violation of § 1461 of the United States Penal Code (18 U.S. C. § 1461) was returned against the plaintiff on April 22, 1960, in the United States District Court for the Northern District of Texas, Dallas Division. Six counts of mailing unmailable matter were contained in the Indictment, alleging mailings at Los Angeles to different persons in the Texas district. This was done under the 1958 amendment to the section which allows prosecutions either in the district of mailing or the district of delivery. The object of this statute is

"to make it possible to prosecute violators of section 1461 of title 18 of the United States Code (mailing of obscene or crime-inciting matter) *not only at the place at which the objectionable matter is mailed, but also at the place of address or delivery.*" (Senate Report No. 1839, U.S.Code Congressional and Administrative News, 1958, Vol. 2, p. 4012.) (Emphasis added.)

█ A telegraphic warrant was placed in the hands of the United States Marshal for the Southern District of California. One of his deputies served the warrant, arrested the plaintiff with the aid of the postal inspectors. The search and seizure were incidental to the arrest.

On the basis of the affidavits filed, I am of the view that the search and seizure were proper, as incidental to a lawful arrest. The matters seized, except those that have been returned or agreed to be returned, related to the instrumenalities of the offense,—the *knowing* use of mail for transmission of obscene and unmailable matter. See the writer's opinion in United States v. Bell, D.C. 1943, 48 F. Supp. 986, 995–999; United States v. Lefkowitz, 1932, 285 U.S. 452, 453, 464– 467, 52 S.Ct. 420, 76 L.Ed. 877; Harris v. United States, 1947, 331 U.S. 145, 153– 155, 67 S.Ct. 1098, 91 L.Ed. 1399; Abel v. United States, 1960, 362 U.S. 217, 235–237, 80 S.Ct. 683, 4 L.Ed.2d 668; Leahy v. United States, 9 Cir., 1959, 272 F.2d 487, 490–491; Williams v. United States, 9 Cir., 1959, 273 F.2d 781, 793– 795.

As the Congress has clearly and constitutionally expressed the intent to consider mailing of obscene matter a partly continuous offense by allowing prosecution at either end, we need not concern ourselves with the possible hardship resulting from the exercise of this power. For that *affects policy.* Our function is *merely to give effect to it.* Indeed, the court which is to try the case will be in a better position to determine, on a motion to suppress, whether the property

seized is of the type that can be used on the trial or order its return than we would be in a suit in equity. And with quicker results.

Hence the ruling above made.