318 F.2d 171
 George WOJCIK, Plaintiff-Appellant,
v.
Burton PALMER, Trial Assistant, Municipal Court of Chicago, (Alfonse Wells) Casimir V. Cwiklinski, Supervising Judge of Traffic Court, Municipal Court of Chicago, Augustine Bowe, Chief Justice, Municipal Court of Chicago, John Melaniphy, Corporation Council, City of Chicago, and City of Chicago, a Municipal Corporation, Defendants-Appellees.
 No. 14068.
 United States Court of Appeals Seventh Circuit.
 June 13, 1963.
 
 Harold Z. Kaplan, Chicago, Ill., for appellant.
 John D. Casey, John C. Melaniphy, Corp. Counsel, Harry H. Pollack, Asst. Corp. Counsel, Chicago, Ill., Sydney R. Drebin, Asst. Corp. Counsel, of counsel, for appellees.
 Before DUFFY, KNOCH and SWYGERT, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 This suit was brought under the federal Civil Rights Act, 42 U.S.C. § 1983, for a declaratory judgment and for injunctive relief. The original complaint names as defendants, Burton Palmer, a Trial Assistant at the Traffic Violations Center of the Municipal Court of Chicago; Judge Alfonse Wells,[1] then Supervising Judge of the Traffic Center of the Municipal Court of Chicago; Judge Augustine Bowe, Chief Justice of the Municipal Court of Chicago, and John Melaniphy, Corporation Counsel for the City of Chicago.
 
 
 2
 Defendants Palmer, Wells and Bowe filed an answer. Defendant Melaniphy filed a motion to strike, alleging that the City of Chicago was a necessary and indispensable party in the event the complaint was otherwise good. Plaintiff then filed an amended complaint adding the City of Chicago as an additional party-defendant.
 
 
 3
 On May 12, 1962, plaintiff was driving a motor vehicle on the streets of Chicago and was involved in a traffic accident. A police officer who was not a witness to the occurrence, handed plaintiff a summons and a traffic ticket charging plaintiff with violating a traffic ordinance of the City of Chicago, namely, of making an improper left turn. The City Ordinance carries a maximum fine of $200. Failure to pay a fine could result in imprisonment in the House of Correction worked out on the basis of $2.00 per day. A hearing was scheduled on this charge in the Municipal Court of Chicago before Judge Cwiklinski.
 
 
 4
 The motions of defendants to strike and dismiss the amended complaint were sustained by the District Court on November 29, 1962. The order stated that the amended complaint was "dismissed for lack of jurisdiction." The appeal now before us is from this judgment order.
 
 
 5
 The amended complaint expands the allegations of the original complaint, but the gist of the case is the same, i. e., that prosecution of an ordinance with alleged criminal sanctions, under civil rules of procedure, violates federal due process of law. The amended complaint further challenges the constitutionality of the ordinance if it is enforced under civil rules.
 
 
 6
 We understand the substance of appellant's position to be: Prosecution for violation of a city ordinance which carries sanctions of criminal punishment is, in fact, a criminal prosecution and must be tried under criminal procedures. Appellant argues the principles of the presumption of innocence and the requirement of proof beyond a reasonable doubt, would be denied to him if he is tried under the city ordinance.
 
 
 7
 On May 12, 1962, and up to the present time, there was and is in full force and effect in the State of Illinois, a statute enacted prior to the city ordinance under which plaintiff is charged. The statute makes an improper left turn a misdemeanor. The maximum fine prescribed by statute for a first offense is a $100 fine which, for non-payment, subjects the offender to imprisonment which is satisfied at the rate of $5 per day.
 
 
 8
 It is well established in Illinois, as elsewhere, that all ordinance violation cases are tried as civil rather than criminal matters. Village of Maywood v. Houston, 10 Ill.2d 117, 139 N.E.2d 233. Also, that the Illinois Civil Practice Act governing the practice and procedure in civil cases, applies to ordinance prosecutions.
 
 
 9
 Plaintiff has not been tried under the ordinance charge. However, the amended complaint alleges a threatened and imminent prosecution which plaintiff asserts threatens him with the denial of due process of law. Plaintiff argues in his brief, "The threat to the plaintiff of a criminal prosecution under civil principles threatens his constitutional rights of due process, not only with respect to the ordinance with which he is presently charged, but under any ordinance with which he may be charged in the future, either a traffic or non-traffic ordinance."
 
 
 10
 Plaintiff does not cite any judicial precedent to justify his demand for a declaratory judgment and an injunction. In fact, he states this case is "sui generis"; that there is no case directly in point. However, plaintiff argues that the enumerated threatened deprivations of rights guaranteed under the Fourteenth Amendment are sufficient to confer jurisdiction on the District Court; that plaintiff need not first exhaust state remedies, for Congress has given him a remedy under the federal Civil Rights Act (42 U.S.C. § 1983).
 
 
 11
 Plaintiff states that all defendants were sued in their official capacity, acting under color of office. Also, that "the judicial defendants were joined because their authority subjects the plaintiff to the most direct threat to his liberty."
 
 
 12
 Nowhere in his brief and argument does plaintiff claim he was not guilty of the traffic ordinance violation which is pending against him in the Municipal Court of Chicago. However, he does state "had he chosen to do so" he "could easily have gotten his case dismissed on one of several grounds."
 
 
 13
 In view of plaintiff's demand for injunctive relief, the provisions of 28 U.S.C. § 2283 should be borne in mind. This statute provides "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
 
 
 14
 United States District Courts are courts of limited jurisdiction. Under 28 U.S.C. § 2283, Congress has denied power or jurisdiction to district courts to grant an injunction to stay proceedings in a state court with only two exceptions. Here, the provision of the statutes "in aid of its jurisdiction" is not applicable. We next discuss the provision "or to protect or effectuate its judgments."
 
 
 15
 It could be argued that if the district court has the jurisdiction and power to enter a declaratory judgment, it also has jurisdiction to issue an injunction "to protect or effectuate its judgments." We think the District Court does not have jurisdiction to enter a declaratory judgment as requested in the instant case. But, assuming that power under general rules of equity, a United States District Court will not enjoin state court criminal prosecutions or state court prosecutions for violations of municipal ordinances.
 
 
 16
 A recent decision on this point is Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963). The Court said, 371 U.S. page 397, 83 S.Ct. page 388, 9 L.Ed.2d 390, "Courts of equity traditionally have refused, except in rare instances, to enjoin criminal prosecutions. This principle `is impressively reinforced when not merely the relations between coordinate courts but between coordinate political authorities are in issue.' Stefanelli v. Minard, 342 U.S. 117, 120 [72 S.Ct. 118, 96 L.Ed. 138]. It has been manifested in numerous decisions of this Court involving a State's enforcement of its criminal law. E. g., Pugach v. Dollinger, 365 U.S. 458 [81 S.Ct. 650, 5 L.Ed.2d 678]; Douglas v. City of Jeannette, 319 U.S. 157 [63 S.Ct. 877, 87 L.Ed. 1324]; Watson v. Buck, 313 U.S. 387 [61 S.Ct. 962, 85 L.Ed. 1416]; Beal v. Missouri Pac. R. Co., 312 U.S. 45 [61 S.Ct. 418, 85 L.Ed. 577]. The considerations that have prompted denial of federal injunctive relief affecting state prosecutions were epitomized in the Stefanelli case, in which this Court refused to sanction an injunction against state officials to prevent them from using in a state criminal trial evidence seized by state police in alleged violation of the Fourteenth Amendment: `[W]e would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law — with its far-flung and undefined range — would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial court — all would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts. To suggest these difficulties is to recognize their solution' 342 U.S., at 123-124 [72 S.Ct., at 121-122, 96 L.Ed. 138]."
 
 
 17
 In our view, the statement of the Supreme Court in Cleary is sufficient to decide this case and to demonstrate that the District Court below should not have entered either a declaratory judgment or injunctive relief.
 
 
 18
 In Cleary, the Supreme Court cited Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. It was there held that a federal district court should not enjoin, under the Civil Rights Act, an ordinance prosecution in a state court even though the ordinance involved had already been held unconstitutional by a federal court.
 
 
 19
 A pertinent statement by the Court in Douglas v. City of Jeannette, 319 U.S. at page 163, 63 S.Ct. at page 881, 87 L.Ed. 1324 is: "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. * * *"
 
 
 20
 Other defenses have been raised which we do not reach.
 
 
 21
 The order and judgment of the District Court dismissing the amended complaint is
 
 
 22
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Judge Wells was elected Judge of the Superior Court of Cook County in November 1962, and his position as Supervising Judge of the Traffic Center of the Municipal Court of Chicago was assumed by Judge Casimir V. Cwiklinski who, by motion, was made a party-defendant herein