Mr. Justice White,
dissenting.
I dissent from the per curiam remand of this case on the authority of Dombrowski v. Pfister, 380 U. S. 479, for while I joined the opinion of the Court in Dombrowski, I do not think it is applicable here.
The appellants in Dombrowski attacked numerous and sundry provisions of Louisiana’s Subversive Activities and Communist Control Law and the Communist Propaganda Control Law on the ground that the statutes “violate the First and Fourteenth Amendment guarantees securing freedom of expression, because overbreadth makes them susceptible of sweeping and improper application abridging those rights.” 380 U. S. 479, 482. There was also an allegation of threats to enforce these sweeping provisions as part of a “plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass” the appellants and to discourage their protected activities. The lower court denied relief on the ground that these allegations did not present a case of threatened irreparable injury to constitutional rights warranting the intervention of a federal court. We reversed. The Court, at the outset, fully and explicitly accepted the teaching of the cases “that federal interference with a State’s good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework” and that “the mere possibility of erroneous initial application of constitutional standards will *769 usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings.” 380 U. S., at 484-485. Without questioning the rule that the possible invalidity of a state statute is not itself ground for equitable relief, Terrace v. Thompson, 263 U. S. 197, 214, or the imminence of prosecution under such a statute, since no person is immune from prosecution in good faith for alleged criminal acts, Douglas v. City of Jeannette, 319 U. S. 157, 163-164, we held that there was a sufficient showing of threatened irreparable injury to federal rights, which could not be dissipated by a particular prosecution, to warrant equitable intervention by a federal court. What was controlling on both the exercise of equitable power and the abstention issue was the depiction of a “situation in which defense of the State’s criminal prosecution will not assure adequate vindication of constitutional rights.” 380 U. S., at 485. The situation depicted here does not contain the elements which were operative in Dombrowski.
Dombrowski did not hold that the traditional equitable limitations on a federal court’s power to enjoin imminent or pending criminal proceedings are relaxed whenever a statute is attacked as void on its face or as applied in violation of the First and Fourteenth Amendments. Rather that case makes clear that two particular kinds of challenges to state criminal statutes warrant extraordinary intervention in a State’s criminal processes. They are planned prosecutorial misuse of a statute regulating freedom of expression and a vagueness attack on such a statute. Where threats of enforcement are without any expectation of conviction and are “part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass,” it is obvious that defense in a state criminal prosecution will not suffice to avoid irreparable injury. The very prosecution is said to be a part of the unconstitutional scheme and the *770 scheme, including future use of the statutes, is quite irrelevant to the prosecution in the state courts. Similarly where a plethora of statutory provisions are assailed as invalidly vague, uncertain or overbroad, with a consequent reach into areas of expression protected by the First Amendment, and such provisions are not susceptible of clarifying construction under the impact of one case, defense in the state prosecution cannot remove the unconstitutional vice of vagueness. For “those affected by a statute are entitled to be free of the burdens of defending prosecutions, however expeditious, aimed at hammering out the structure of the statute piecemeal, with no likelihood of obviating similar uncertainty for others.” Dom-browski v. Pfister, 380 TJ. S., at 491. To relegate the party to defense in a state proceeding would be likely to leave standing a statute susceptible of having a severe in ter-rorem effect on expression, even if one prosecuted under such a statute is not convicted. It is this reasoning that accounts for relaxation of the abstention doctrine where sweeping and unclear statutes are attacked on their face, as in Baggett v. Bullitt, 377 U. S. 360, a case quite pertinent to the rationale of Dombrowski.
Here there is no more harassment alleged than that ordinarily and necessarily entailed by a criminal prosecution based on a good faith belief that the defendants have violated a statute. Although it is said that the statute is aimed at demonstrations, and that the prosecutions interfere with them, these allegations do not charge a misuse of the statute. Indeed, the petitioners allege that the picketing said to be unlawful under it was peaceful and nonobstructive, and the State claims quite the contrary. This issue is at the core of the criminal trial and to decide it in a federal court represents a wholly duplica-tive adjudication of an ordinary factual matter in dispute in a state criminal trial.
*771 Nor do I think that any substantial claim of vagueness or overbroadness can be made about the statute here at issue.[1] Its provisions are these:
“It shall be unlawful for any person, singly or in concert with others, to engage in picketing or mass demonstrations in such a manner as to obstruct or interfere with free ingress or egress to and from any public premises, State property, county or municipal courthouses, city halls, office buildings, jails, or other public buildings or property owned by the State of Mississippi or any county or municipal government located therein or with the transaction of public business or administration of justice therein or thereon conducted or so as to obstruct or interfere with free use of public streets, sidewalks or other public ways adjacent or contiguous thereto.”
To me the terms “obstruct” and “interfere” raise no issues of vagueness or overbreadth such as were considered to be present in Baggett v. Bullitt, 377 U. S. 360, and Dombrowski, 380 U. S. 479, for the terms are neither unclear nor open-ended. The statute does not deal with belief or expression as such — it does not ban all forms of picketing, Thornhill v. Alabama, 310 U. S. 88; Cox v. Louisiana, 379 U. S. 559 — but rather with obstructions to and interferences with ingress or egress to and from public buildings and the sidewalks and streets contiguous thereto, assuredly permissible subjects of state regulation. Cox v. Louisiana, 379 U. S. 536, 554. The statute does “aim specifically at evils within the allowable area of state control,” Thornhill v. Alabama, 310 U. S. 88, 97, and does not leave one to guess at where fanciful possibility ends and intended coverage begins. Cf. Baggett v. Bullitt, 377 U. S. 360, 373-375.
*772 The constitutional challenge to this statute which thus emerges is, in my view, an assertion that the type of conduct covered by the clear terms of the statute, obstructive picketing at public buildings, for example, cannot constitutionally be proscribed. Whether the attack is made on the face of the statute or as applied is beside the point, for in neither case would there be those special circumstances which Dombrowski requires to sanction federal intervention into a State’s criminal processes. Whatever “criteria” Dombrowski contains, they do not indicate that in this situation the ordinary rule barring injunctive relief against state criminal prosecutions should be waived.
“[T]he mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings,” and what is required for extraordinary intervention is a “situation in which defense of the State’s criminal prosecution will not assure adequate vindication of constitutional rights.” Dom-browski v. Pfister, 380 U. S. 479, 484-485. In Douglas v. City of Jeannette, 319 U. S. 157, the Court denied injunc-tive relief against threatened application of a city ordinance to constitutionally protected religious solicitation, “since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.” 319 U. S., at 163. The constitutional challenge to this Mississippi statute, unlike the attack on the statutes in Dombrowski v. Pfister and Baggett v. Bullitt, but indistinguishable from that in Douglas v. City of Jeannette, does not entail “extensive adjudications, under the impact of a variety of factual situations,” Baggett v. Bullitt, 377 U. S. 360, 378, to bring it within constitutional bounds. This is not a case where “no readily apparent construction suggests itself as a vehicle *773 for rehabilitating the statutes in a single prosecution.” Dombrowski v. Pfister, 380 U. S., at 491.
In these circumstances it is difficult to see what hazards to federal rights are posed by requiring one to follow orderly proceedings in the state courts. Numerous cases establish that the possible invalidity of a statute, or the imminence of a prosecution under it, itself will not suffice to warrant intervention. Terrace v. Thompson, 263 U. S. 197, 214; Fenner v. Boykin, 271 U. S. 240; Spielman Motor Sales Co. v. Dodge, 295 U. S. 89; Beal v. Missouri Pac. R. Co., 312 U. S. 45; Douglas v. City of Jeannette, 319 U. S. 157. Dombrowski v. Pfister is not to the contrary.
It is obvious, however, that several of my Brethren find more guidance in Dombrowski than I do and more than I think a district judge can find in either that case or this unrevealing per curiam remand, which ignores the differences between this case and Dombrowski. The issues are important and of immediate concern and I would note probable jurisdiction and set this case down for argument.[2]

 House Bill No. 546, Gen. Laws of Miss. 1964, c. 343.

 As the Court recognizes, the question whether §2283 bars an injunction in suits brought under 42 U. S. C. § 1983 (1958 ed.) is an open one; I think that the presence of that issue is a further reason why a per curiam remand is inappropriate.