David A. PACHECO, Plaintiff,

v.

RAYTHEON COMPANY, Defendant.

Civ. A. No. 91–0306L.

United States District Court,
D. Rhode Island.

Nov. 21, 1991.

Marc B. Gursky, Providence, R.I., for plaintiff.

Michael P. DeFanti, Hinckley, Allen, Snyder & Comen, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the court on defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Plaintiff David A. Pacheco ("Pacheco"), a former employee of defendant Raytheon Company ("Raytheon"), alleges that Raytheon discharged him in retaliation for his reporting of safety and security violations at Raytheon's Submarine Signal Division in Portsmouth, Rhode Island. He seeks relief under federal and state whistleblower statutes. For the reasons that follow, Raytheon's motion is granted.

## I. BACKGROUND

The facts are given here as they appear in Pacheco's complaint. Pacheco began working as a security guard for Raytheon's Submarine Signal Division in July 1981. His guard duties included monitoring the facilities and reporting security and safety violations. In 1987, allegedly in response to his reporting of violations, Pacheco's car tires were slashed and an anonymous phone call advised a fellow guard to "tell Pacheco he'd better back off or he'll get more than two flat tires next time." Shortly thereafter, Pacheco's car window was shattered. Pacheco was promoted to guard sergeant in December 1987 and continued to report violations until his discharge on December 14, 1990.

According to Raytheon, Pacheco was terminated pursuant to an overall plan to reduce Raytheon's workforce in response to declining defense budgets. On the day of Pacheco's termination his supervisor escorted him out of the building and Pacheco was not allowed to work the two weeks subsequent to his notice. Pacheco contends that Raytheon usually reserved this form of immediate dismissal for disciplinary terminations, thereby indicating that the reason for his termination was not economic but due to his zealous reporting of violations.

Pacheco brought this action on June 12, 1991, seeking reinstatement and compensatory and punitive damages under 10 U.S.C.A. § 2409 (West Supp.1991) (suspended April 6, 1991), the federal whistleblower statute for employees of defense contractors. In support of its motion for judgment on the pleadings, Raytheon argues that the federal whistleblower statute does not afford a private cause of action and that, therefore, Pacheco has failed to present a question of federal law.

After having heard arguments on the motion for judgment on the pleadings, the Court took the matter under advisement. The motion is now in order for decision.

## II. DISCUSSION

A court may grant a motion for judgment on the pleadings pursuant to Rule 12(c) when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Lovell v. One Bancorp*, 690 F.Supp. 1090, 1096 (D.Me.1988) (citing *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 51, 61 S.Ct. 418, 421, 85 L.Ed. 577 (1941)), *appeal dismissed*, 878 F.2d 10 (1st Cir.1989). The *Lovell* court went on to state:

The factual allegations in the complaint must be taken as true, and the legal

claims assessed in the light most favorable to plaintiff. To render judgment on the pleadings, the court must be certain that plaintiff is entitled to no relief under any set of facts that could be proved in support of his claim.

*Lovell,* 690 F.Supp. at 1096 (citations omitted). Pacheco has not presented any genuine issues of material fact. The only issue to be determined is a question of law: whether § 2409 affords a discharged employee a private cause of action.

There is a case directly on point, *Mayo v. Questech, Inc.,* 727 F.Supp. 1007 (E.D.Va. 1989). In *Mayo* a corporate officer was terminated after he sought to rectify improprieties committed by several of the corporation's directors. *Id.* at 1008–09. The officer brought suit against the corporation and its directors based in part on § 2409. The District Court granted the corporation's motion to dismiss the § 2409 count on the ground that the statute did not afford an individual employee a private cause of action. *Id.* at 1008.

In deciding whether § 2409 implicitly created a private cause of action, the *Mayo* court relied upon the four factors set out in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). The *Cort* factors are:

(1) Is the plaintiff one of the class for whose especial benefit the statute was enacted?

(2) Is there any indication of legislative intent, explicit or implicit, either to create or deny such a remedy?

(3) Is implying a private cause of action consistent with the underlying purpose of the legislative scheme?

(4) Is the cause of action one that is traditionally left to state law to remedy?

*Id.; Mayo,* 727 F.Supp. at 1013. A thorough analysis of these factors led the *Mayo* court to conclude that § 2409 does not imply a private right of action. *Mayo,* 727 F.Supp. at 1015. This Court will apply the *Cort* factors to the facts of this case to determine whether a different result is indicated.

■ First, Pacheco is a member of the class that the statute was enacted to protect: he was a defense contractor employee who was terminated after disclosing violative behavior of his employer to the proper authorities. *See* 10 U.S.C.A. § 2409(a). This factor, while indirectly evidencing legislative intent, is not dispositive of the issue. *Mayo,* 727 F.Supp. at 1013; *see Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis,* 444 U.S. 11, 24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979) (mere fact that statute was designed to protect contractor employees does not require implication of private cause of action).

■ Second, there is no indication of legislative intent to create a private cause of action under § 2409. The question of legislative intent begins with the language of the statute itself. *TAMA v. Lewis,* 444 U.S. at 15–16, 100 S.Ct. at 245–46. In this case the statute is silent on its face. It states in pertinent part:

(b) Investigation of Complaints.—A person who believes that the person has been subjected to a reprisal prohibited by subsection (a) *may submit a complaint* to the Inspector General of the Department of Defense.

10 U.S.C.A. § 2409(b) (emphasis added). Pacheco argues that the use of the word "may" is permissive and, therefore, does not mandate that a discharged employee follow the administrative procedures provided. Instead, Pacheco claims, an employee may bring a private cause of action pursuant to the statute. It is true that use of the word "may" in a statute generally connotes a degree of discretion. *United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983). If Congress had not used the permissive "may," it might appear that § 2409 preempts all other remedies and employees would then have to follow the administrative procedures provided. Moreover, § 2409(c) states:

(c) Construction.—Nothing in this section may be construed ... to modify or derogate from a right or remedy otherwise available to the employee.

10 U.S.C.A. § 2409(c). Congress' intention, therefore, was to preserve remedies available under other federal statutes or state law, not to make § 2409 an exclusive remedy. *See Norris v. Lumbermen's Mut. Casualty Co.*, 881 F.2d 1144, 1150 (1st Cir. 1989) (42 U.S.C.A. § 5851 found not to preempt state law claim where permissive language used in statute).

Section 2409(b) further states:

Unless the Inspector General determines that the complaint is frivolous, the Inspector General shall investigate the complaint and, upon completion of such investigation, submit a report of the findings of the investigation to the person, the contractor concerned, and the Secretary of Defense.

10 U.S.C.A. § 2409(b). This section does not provide that an employee may bring a private cause of action under the statute as an alternative. Clearly, when Congress intends to provide a private cause of action under federal law, it may do so explicitly. *See, e.g.*, 31 U.S.C.A. § 3730(h) (West Supp. 1991) ("An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection"). Other federal whistleblower statutes, however, afford only administrative relief. *See, e.g.*, Occupational Safety and Health Act, § 11(c), 29 U.S.C.A. § 660(c) (discussed in *Taylor v. Brighton Corp.*, 616 F.2d 256, 258–64 (6th Cir.1980)); Energy Reorganization Act of 1974, § 210, as amended, 42 U.S.C.A. § 5851(b) (discussed in *Gaballah v. PG & E*, 711 F.Supp. 988, 992 (N.D.Cal.1989)).

Furthermore, review of the legislative history reveals that Congress enacted a narrower version of § 2409 than the version originally proposed:

The House amendment contained a provision (sec. 922) that would provide certain protection for employees of Department of Defense contractors who disclose information on *violations of law, regulation, mismanagement, and abuse of authority, or a substantial and specific danger to public health or safety.*

The Senate bill contained no similar provision.

The Senate recedes with an amendment that would (1) provide that a contractor employee may not be discriminated against as a reprisal for disclosing *substantial violations of statutory law* to a Member of Congress or the Departments of Defense or Justice and (2) requires the Inspector General to investigate and report on allegations of such reprisals.

H.R.Conf.Rep. No. 1001, 99th Cong., 2d Sess. 507–08, *reprinted in* 1986 U.S.Code Cong. & Admin.News 6413, 6566–67 (emphasis added); *see Mayo*, 727 F.Supp. at 1013–14 (discussing legislative history of § 2409). The Senate version, limiting the type of information that an employee could disclose with impunity, was eventually enacted. *See* 10 U.S.C.A. § 2409(a). Pacheco contends that Congress might have designed a narrow administrative remedy because an adequate judicial remedy was available as an alternative. If this is true, the adequate judicial remedy is found in state law, not in § 2409.

Third, implication of a private cause of action would be inconsistent with the underlying legislative scheme. The purpose of § 2409 "is to subject allegations of retaliatory employment actions against whistleblowers to administrative review. This purpose neither calls for, nor supports, the implication of a private right." *Mayo*, 727 F.Supp. at 1014.

Finally, the Court acknowledges that Defense Department matters are ordinarily within the purview of federal law. Retaliatory discharge matters, however, have traditionally been relegated to state law. *Taylor*, 616 F.2d at 258; *see also Cummins v. EG & G Sealol, Inc.*, 690 F.Supp. 134, 139 (D.R.I.1988) (whistleblowing employee-at-will has cause of action under Rhode Island law for retaliatory discharge). "Congress is not likely to have intended the implication of a private right where there already exist other remedies, whether federal or state ... [or] where that right might conflict with, or intrude upon, an area typically governed by state

law." *Mayo*, 727 F.Supp. at 1014. Because Rhode Island has enacted its own whistleblower statute, an aggrieved Rhode Island employee may either follow the federal administrative procedure under § 2409 or bring a private cause of action under state law. These considerations inform against the likelihood that Congress intended a private cause of action under § 2409.[1]

After *Mayo* was decided, Congress enacted the National Defense Authorization Act for Fiscal Year 1991, Pub.L. No. 101–510, § 837(a)(1), 104 Stat. 1485, 1616 (1990) (codified at 10 U.S.C.A. § 2409a (West Supp. 1991)), which governs certain defense contracts awarded after May 5, 1991. Section 2409a outlines specific administrative procedures to be promulgated, but nowhere does it indicate a private cause of action. Subsequently, on April 6, 1991, Congress enacted the Persian Gulf Conflict Supplemental Authorization and Personnel Benefits Act of 1991, Pub.L. No. 102–25, § 701(k), 105 Stat. 75, 116–17. Section 701(k) states:

> (1) Section 2409 of title 10, United States Code, is amended by adding at the end the following new subsection:
> "(d) EFFECTIVE DATE.—This section shall not be in effect during the period when section 2409a of this title is in effect."
> (2) Section 2409a of such title, as added by section 837(a) of Public Law 101–510 (104 Stat. 1616), is amended by adding at the end the following new subsection:
> "(f) EXPIRATION OF SECTION.—This section shall cease to be in effect on November 5, 1994."

The suspension of § 2409 until November 5, 1994, supports the conclusion that Congress intended only an administrative form of relief under § 2409. It would be inappropriate for this Court to infer a private right of action under federal law when Congress clearly did not intend to create such a right. For the foregoing reasons this Court concludes that § 2409 does not implicitly create a private right of action.

 Pacheco asserts a second claim under R.I.Gen.Laws §§ 36–15–1 to –10, the Rhode Island Whistleblowers' Protection Act. There is no diversity in this case and because the Court finds that no federal cause of action is indicated, the Court does not have pendent jurisdiction over the state law claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

## III. CONCLUSION AND ORDER

Accordingly, defendant Raytheon's motion for judgment on the pleadings is hereby granted. The Clerk shall enter judgment for defendant, forthwith.

It is so ordered:

---

1. For an example of how the *Cort* test was used to find an implied private right of action in a federal statute, see *TAMA v. Lewis*, 444 U.S. at 18–19, 100 S.Ct. at 246–47 (finding implicit private right of action in § 215 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–15).