**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William HANCOCK and Paul A.**
**Palombi, Defendants-Appellants.**

**Nos. 77–1276, 79–1161.**

United States Court of Appeals,
Seventh Circuit.

Argued June 18, 1979.

Decided July 9, 1979.

Rehearing and Rehearing En Banc
Denied Aug. 24, 1979.

Howard S. Siegrist, Southfield, Mich., for defendants-appellants.

Richard L. Kieser, South Bend, Ind., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and TONE, Circuit Judges.

PER CURIAM.

These two appeals arise from a series of indictments filed against several chiropractors for soliciting and receiving kickbacks in Medicare and Medicaid cases, 42 U.S.C. §§ 1395nn(b)(1) (Medicare) and 1396h(b)(1) (Medicaid) (1972) (amended 1977).[1] In separate proceedings, each defendant entered a plea of nolo contendere to one count of his indictment and was adjudged guilty as charged. These appeals have been consolidated because both of these defendants have raised challenges to the sufficiency of the indictments and the constitutionality of the statutes.[2] We hold that the indictments sufficiently allege the crime of receiving a kickback under the statutes and that the kickback statutes are not unconstitutionally vague.

---

1. The operative language of §§ 1395nn(b)(1) and 1396h(b)(1) is identical. The 1972 version of § 1396h(b)(1) read:

   (b) Whoever furnishes items or services to an individual for which payment is or may be made in whole or in part out of Federal funds under a State plan approved under this subchapter and who solicits, offers, or receives any—

   (1) kickback or bribe in connection with the furnishing of such items or services or the making or receipt of such payment . . .

   shall be guilty of a misdemeanor. . . . .

2. Defendant William Hancock also raises several issues not raised by defendant Paul Palombi. Since Hancock's separate issues are governed by settled rules of law, they do not meet our criteria for publication and are being decided in an unpublished order. See Circuit Rule 35.

## I.

Both defendants contend that their conduct did not constitute a crime. By pleading *nolo contendere*, however, the defendants have admitted the allegations in the indictments and waived all nonjurisdictional defects in the proceedings, including all defects in the indictments, other than sufficiency. *United States v. Michigan Carton Co.*, 552 F.2d 198 (7th Cir. 1977). Therefore, the issue raised by this contention is whether the indictments sufficiently allege the crime of receiving a kickback under § 1396h(b)(1).

Briefly, the indictments allege the following conduct by the defendants. Defendants Hancock and Palombi are doctors of chiropractic licensed to practice in Michigan and Indiana, respectively. Between 1973 and 1975, the defendants used the services of a certain medical laboratory, Chem-Tech Laboratory of Fort Wayne, Indiana. The defendants obtained blood and tissue specimens from their patients and sent the specimens to Chem-Tech for testing. Along with the specimens, the defendants filled out and submitted test request forms, including billing information on the patient containing Medicare or Medicaid recipient numbers where applicable. Chem-Tech then billed the patient, his insurer, or, pertinent to this case, the state agency handling Medicare and Medicaid funds. Finally, the indictments allege that the defendants "did solicit and receive kickbacks from Chem-Tech . . . for referring Medicare and Medicaid recipients' blood and tissue specimens to Chem-Tech . . . ." The defendants claim the payments received from Chem-Tech were legitimate "handling fees" for the actual services of obtaining, packaging, and sending the samples, and then interpreting the results of the tests. The indictment labelled the payments "kickbacks" in violation of § 1396h(b)(1).

The defendants rely on two recent cases construing the terms "kickback" and "bribe" in §§ 1395nn(b)(1) and 1396h(b)(1). In *United States v. Zacher*, 586 F.2d 912 (2d Cir. 1978), the court held that payments charged by a nursing home operator above the amount reimbursed by Medicaid could not be characterized as bribes under § 1396h(b)(1). The court reasoned that the terms bribe and kickback have settled legal definitions which "involve a corrupt payment or receipt of payment in violation of the duty imposed by Congress on providers of services to use federal funds only for intended purposes and only in the approved manner." 586 F.2d at 916. The court found no corruption or breach of duty in Zacher's receipt of the payments from private parties.

In the present case, however, the indictments do allege corrupt payments which were admitted by defendants' pleas. As noted above, the indictments allege that the defendants received kickbacks "for *referring* Medicare and Medicaid recipients' blood and tissue specimens to Chem-Tech . . . ." (emphasis added). Thus, the element of corruption is found in this allegation that the defendants received payments in return for their decision to send specimens to Chem-Tech. The potential for increased costs to the Medicare-Medicaid system and misapplication of federal funds is plain, where payments for the exercise of such judgments are added to the legitimate costs of the transaction. We agree with the court in *Zacher* that these are among the evils Congress sought to prevent by enacting the kickback statutes and conclude that the indictments in this case adequately allege the crime of receiving kickbacks which Congress sought to proscribe in §§ 1395nn(b)(1) and 1396h(b)(1).

The defendants also rely on *United States v. Porter*, 591 F.2d 1048 (5th Cir. 1979), which involved a scheme quite similar to the one here. The Fifth Circuit held that the payments in that case were not bribes or kickbacks. One major distinction between *Porter* and this case is that *Porter* was an appeal after a trial in which the government introduced its evidence in support of the indictment there. The *Porter* court found no evidence of corruption or breach of any duty imposed upon the defendants by statute or regulation. Here, in contrast, we review only the sufficiency of

the indictments themselves. And we have already concluded that the indictments allege corruption which the defendants admitted by their pleas.

■ The court in *Porter* also construed the term kickback to mean "the secret return to *an earlier possessor* of part of a sum received." (Emphasis in original.) 591 F.2d at 1054. We cannot agree that the term kickback is limited to a return of funds to an earlier possessor. The term is commonly used and understood to include "a percentage payment . . . for granting assistance by one in a position to open up or control a source of income," *Webster's Third New International Dictionary* (1966), and we think it was used in the statute to include such a payment. Here, of course, the defendants were able to open up or control the payment of federal funds to Chem-Tech by sending Medicare or Medicaid patients' tissue specimens to Chem-Tech; and the indictment alleges that they were paid for doing so. To the extent our conclusions are inconsistent with the *Porter* case, we decline to follow it.[3]

## II.

■ Both defendants also contend that § 1396h(b)(1) is unconstitutional because it is vague and because it omits intent as an element of the crime. The defendants' vagueness argument seems to focus on the use of the term kickback to define the crime. As explained in Part I, we believe that the term kickback has a commonly understood meaning. Therefore, the statute gave the defendants fair notice that their conduct was forbidden. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

Our earlier discussion is dispositive of the defendants' intent argument as well. The term kickback requires that the payment be received for a corrupt purpose, here, in return for referring specimens to Chem-Tech. This requirement of corruption is a sufficient requirement of mental culpability to withstand constitutional attack, especially in the context of Congress' regulation of the expenditure of enormous sums of federal funds under the Medicare and Medicaid programs. *See Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed.2d 288 (1952).

For the reasons stated here and in the accompanying unpublished order, Hancock's conviction is affirmed; the district court's order denying Palombi's motion to vacate his conviction is also affirmed.

---

**3.** This opinion has been circulated among all judges of this court in regular active service.

No judge favored a rehearing *in banc* on the question of the interpretation of "kickback."