**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Harold PERLSTEIN,
Defendant–Appellant.**

No. 79–5341.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 18, 1980.

Decided Oct. 8, 1980.

Michael H. Golob, Ivan E. Barris, Detroit, Mich., for defendant–appellant.

James K. Robinson, U. S. Atty., Martin Reisig, Asst. U. S. Atty., Detroit, Mich., for plaintiff–appellee.

Before BOYCE F. MARTIN and JONES, Circuit Judges, DUNCAN, District Judge.*

PER CURIAM.

Harold Perlstein was convicted of soliciting and receiving kickback payments in connection with the furnishing of medicaid

---

* Honorable Robert M. Duncan, United States District Court for the Southern District of Ohio, sitting by designation.

services in violation of 42 U.S.C. § 1396h(b)(1). He was sentenced to one year of concurrent incarceration on each of sixteen counts and to pay a fine of $4,000 on each convicted kickback count. His argument for reversal is that the payments received were legally insufficient as a matter of law to constitute a bribe or kickback within the meaning of the statute in question.

The facts, largely undisputed, come from records introduced at trial. Perlstein was the administrator of two nursing homes, The Hamilton and The Avonside, located in Detroit. The patients were primarily Medicaid recipients, and their costs were federally funded. Perlstein selected the pharmacies and physical therapists who provided supplies and services to these nursing homes. In exchange for being given this business Perlstein successfully extracted sizeable cash payments from them. The payments were based upon a percentage of the reimbursed Medicaid payments. When the percentage arrangement failed Perlstein demanded and received a large monthly delivery of alcoholic beverages. When one drug supplier refused to go along with this plan he told him his services were no longer required.

As we read the record, the United States was able to prove that Perlstein entered into an agreement with Arnolds, Inc. to provide pharmaceutical items to the two nursing homes. Because the patients in both homes were Medicaid recipients, Arnolds submitted his statements for payment directly to the State of Michigan. In return for placing this substantial business with Arnolds, Perlstein demanded and received the equivalent of $416 per month in alcoholic beverages.

We must determine if these payments solicited and received by Perlstein constitute a violation of 42 U.S.C. § 1396h(b)(1)[1] which provides:

1. This section was amended by Congress in 1977. The amended version removes all doubt that the conduct such as that involved in the present case violates the Act. Appellant here does not challenge the pre–1977 statute on which he was convicted as being unconstitutionally vague. However, that issue has been

(b) Whoever furnishes items or services to an individual for which payment is or may be made in whole or in part out of Federal funds under a State plan approved under this subchapter and who solicits, offers, or receives any—

(1) kickback or bribe in connection with the furnishing of such items or services or the making or receipt of such payment ... shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $10,000 or imprisoned for not more than one year, or both.

There have been several cases decided under this particular statute. In *Tapert, supra,* this court adopted the definition of kickback applied by the Seventh Circuit in *United States v. Hancock,* 604 F.2d 999 (7th Cir. 1979). We feel *Hancock* is most analogous to the present case. The physician charged sent blood and tissue specimens for Medicaid patients to Chem–Teck laboratory. Chem–Teck received payment for this work from Medicaid and divided it with the physician. The physician was charged with and found guilty of soliciting and receiving kickbacks in violation of § 1396h(b)(1). In deciding to affirm in *Hancock, supra,* the Seventh Circuit distinguished a Fifth Circuit decision now relied upon by appellant, *United States v. Porter,* 591 F.2d 1048 (5th Cir. 1979), stating in part, 604 F.2d at 1001, 1002:

[T]he element of corruption is found in this allegation that the defendants received payments in return for their decision to send specimens to Chem–Teck. The potential for increased costs to the Medicare–Medicaid system and misapplication of federal funds is plain, where payments for the exercise of such judgments are added to the legitimate costs of the transaction.

\* \* \* \* \* \*

resolved recently by this court in *United States v. Tapert et al.,* 6 Cir., 625 F.2d 111 (1980). We held the pre–1977 statute is not invalid for vagueness because the challenged statute was sufficiently clear to give adequate notice that the alleged conduct was illegal.

The court in *Porter* also construed the term kickback to mean "the secret return to an earlier possessor of part of a sum received." 591 F.2d at 1054. We cannot agree that the term kickback is limited to a return of funds to an earlier possessor. The term is commonly used and understood to include "a percentage payment ... for granting assistance by one in a position to open up or control a source of income," *Webster's Third New International Dictionary* (1966), and we think it was used in the statute to include such a payment. Here, of course, the defendants were able to open up or control the payment of federal funds to Chem–Teck by sending Medicare or Medicaid patients' tissue specimens to Chem–Teck; and the indictment alleges that they were paid for doing so. To the extent our conclusions are inconsistent with the *Porter* case, we decline to follow it.

The Second Circuit decision cited by appellant, *United States v. Zacher*, 586 F.2d 912 (2nd Cir. 1978), also fails to answer the question posed in the present case. In *Zacher* a nursing home charged the families of Medicaid recipients $4 more per day to cover costs. In the present case it is the secretive payments demanded by Perlstein from Arnold Pharmacies which made available the federal funds administered by the State of Michigan. Arnolds was not selected to service these Medicaid recipients for any reason other than a willingness to make payments to Perlstein.

The judgment of conviction of the District Court is affirmed.