**Dr. Helio ZAPATA, Plaintiff,**

v.

**Neil HARTIGAN, et al., Defendants.**

**No. 90 C 3117.**

United States District Court, N.D. Illinois, E.D.

Sept. 10, 1990.

---

Robert P. Cummins, Bickel & Brewer, Chicago, Ill., for plaintiff.

William K. Kane, Asst. Atty. Gen., State of Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This case is before us on plaintiff's motion for injunctive relief from prosecution and defendants' motion to dismiss plaintiff's complaint. We deny the former and grant the latter.

FACTS

Plaintiff Dr. Helio Zapata is a licensed obstetrician who has been practicing medicine in Illinois since 1971. On October 4, 1988, he was indicted for allegedly accepting "kickbacks" in violation of Ill.Rev.Stat. ch. 23, ¶ 8A–3(b) (1985) ("statute").[1] Plaintiff filed this action challenging the constitutionality of the statute, both on its face and as applied to him, and seeking to enjoin his state court prosecution which is pres-

---

1. The statute under which plaintiff was indicted provided:

Any person, firm, corporation, association, agency, institution or other legal entity that solicits, offers or receives any kickbacks or bribes in connection with the furnishing of medical assistance, or solicits, offers or re- ceives any rebate of any fee or charge for referring any individual to another person for the furnishing of medical assistance under this Code, is guilty of a violation of this Article and shall be punished as provided in Section 8A–6.

Ill.Rev.Stat. ch. 23, para. 8A–3(b) (1985).

ently pending before Judge Earl Strayhorn in *People v. Zapata*, 88 CR 15461. Plaintiff asserts that the statute is unconstitutionally vague because neither the statute nor any other legislative act defined the term "kickbacks."

On January 18, 1989, plaintiff filed a motion in state court to dismiss the indictment on the basis that the statute was unconstitutional as applied to him. On October 13, 1989, Judge Strayhorn denied the motion. Plaintiff's criminal trial is set to begin on September 12, 1990, and Judge Strayhorn has indicated that he will not grant a continuance based on the pendency of this litigation. Plaintiff informs us that an Illinois appellate court has recently upheld the constitutionality of the statute. *See People v. Bynum*, 197 Ill.App.3d 959, 145 Ill.Dec. 468, 557 N.E.2d 238 (1st Dist. 1990). Plaintiff argues that in light of Judge Strayhorn's denial of his motion to dismiss and the Illinois appellate court's decision in *Bynum*, his pursuit of any state court remedy would be futile. Thus, plaintiff urges us to grant him a preliminary injunction enjoining the state from prosecuting him until we resolve the constitutionality of the statute.

DISCUSSION

In considering a motion to dismiss, we accept as true all facts alleged in plaintiff's complaint and draw all reasonable inferences from the pleadings in favor of plaintiff. *Gillman v. Burlington N. R.R.*, 878 F.2d 1020, 1022 (7th Cir.1989). A motion to dismiss is appropriate "only if plaintiff cannot prove any set of facts upon which relief may be granted." *Rankow v. First Chicago Corp.*, 870 F.2d 356, 357 n. 1 (7th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We find that *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), mandates dismissal of plaintiff's complaint.

*Younger* involved a federal plaintiff who requested an injunction against a state criminal proceeding in which he was a defendant. The Supreme Court held that a federal district court may not, save in exceptional circumstances, enjoin a pending state criminal proceeding. *Younger*, 401 U.S. 37, 91 S.Ct. 746; *see Gibson v. Berryhill*, 411 U.S. 564, 575, 93 S.Ct. 1689, 1696, 36 L.Ed.2d 488 (1973); *Allegheny Corp. v. Haase*, 896 F.2d 1046, 1050, 1053 (7th Cir. 1990). For a federal court to interfere with a state court prosecution, the federal plaintiff must show an irreparable injury that is "both great and immediate." *Younger*, 401 U.S. at 46, 91 S.Ct. at 751. The Court stated:

Certain types of injury, in particular, the cost, anxiety, and convenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution. Thus, in [*Watson v. Buck*, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416 (1941)], we stressed:

Federal injunctions against state criminal statutes ... are not to be granted as a matter of course, even if such statutes are unconstitutional. "No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid." *Beal v. Missouri Pacific R.R. Corp.*, 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577.

*Id.* Thus, the injury alleged must be more than " 'that incidental to every criminal proceeding brought lawfully and in good faith.' " *Id.* 401 U.S. at 49, 91 S.Ct. at 753 (quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 164, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1943)). If the state prosecutes in bad faith or to harass, or where the statute involved is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," *id.* 401 U.S. at 53, 91 S.Ct. at 755 (quoting *Buck*, 313 U.S. at 402, 61 S.Ct. at

967); *Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 497, 107 L.Ed.2d 501 (1989), then injunctive relief would be proper.

To determine whether *Younger* abstention should apply when particular state court proceedings are challenged, this circuit employs a three-part test. "A court can abstain if the impacted state proceedings satisfy the following requirements: (1) the judicial ... state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *American Fed'n of State, County, and Municipal Employees v. Tristano*, 898 F.2d 1302, 1305 (7th Cir.1990) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)).

█ There is no question that the state criminal proceeding is judicial in nature and is ongoing. Nor is there any doubt that the state proceeding implicates important state interests. The argument for applying *Younger* is strongest when the state is prosecuting a person for a crime. *Haase*, 896 F.2d at 1050. Thus, the only question is whether plaintiff has the opportunity to raise his constitutional challenges in the state proceedings. The burden is on plaintiff to show that he cannot present his constitutional claims in state court. *Pincham*, 872 F.2d at 1347.

█ We find that plaintiff has failed to meet his burden. Plaintiff presented his federal defenses to the state trial judge and lost. If plaintiff is convicted, he can appeal to the Illinois Appellate Court. Plaintiff argues that his appeal would be futile in light of the adverse precedent established by *Bynum*. We disagree. Plaintiff would have an opportunity to persuade the appellate court that as applied to him the statute is unconstitutional and that *Bynum* is distinguishable. Indeed, the court in *Bynum* noted that a statute questioned on the grounds of vagueness must be examined in light of the particular facts of each case. *Bynum*, 197 Ill.App.3d 959, 145

Ill.Dec. 468, 470–71, 557 N.E.2d 238, 240–41. Second, even if the appellate court follows *Bynum*, plaintiff still has recourse to the Illinois Supreme Court. The Illinois Supreme Court has not had occasion to rule on the constitutionality of the statute at issue here. Thus, plaintiff still has a meaningful opportunity to present his federal defenses. We find *W.C.M. Window, Inc. v. Bernardi*, 730 F.2d 486 (7th Cir.1984), inapposite as that case involved adverse precedent established by the Illinois Supreme Court rather than as here, by an intermediate appellate court.

As discussed above, *Younger* permits federal court intervention in ongoing state criminal proceedings under very limited circumstances. In *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 569–70 (7th Cir.1987), the Seventh Circuit delineated those circumstances, holding that *Younger* permits federal court intervention "only if (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." (Quotation marks and citations omitted.)

█ Plaintiff's complaint fails to plead an exception to *Younger*. A plaintiff asserting bad faith prosecution must allege specific facts to support an inference of bad faith. *Pincham*, 872 F.2d at 1349. The facts must show that the state prosecution was brought in bad faith to retaliate for, or deter, the exercise of constitutionally protected rights. *Id.* at 1349–50. Plaintiff has alleged no facts to raise an inference of bad faith.

█ Next, there is no extraordinarily pressing need for immediate equitable relief in this case. Plaintiff protests that prosecution under the statute is causing and will continue to cause irreparable harm to his profession, livelihood, and reputation. However, as in *Younger*, the injuries that plaintiff faces are "solely '[those] incidental to every criminal proceeding brought lawfully and in good faith,' ... and therefore

he is not entitled to equitable relief 'even if such statutes are *unconstitutional.*'" *Younger,* 401 U.S. at 49, 91 S.Ct. at 753 (quoting *Douglas,* 319 U.S. at 164, 63 S.Ct. at 881, and *Buck,* 313 U.S. at 400, 61 S.Ct. at 966, respectively) (emphasis added). Further, plaintiff alleges nothing more than a single state criminal prosecution. Thus, plaintiff does not come within the purview of the second exception to *Younger. Pincham,* 872 F.2d at 1350. In *Wooley v. Maynard,* 430 U.S. 705, 712, 97 S.Ct. 1428, 1434, 51 L.Ed.2d 752 (1977), involving repeated prosecutions for obscuring the state motto, "Live Free or Die," embossed on the license plates of plaintiff's automobile, the Court found *Younger* inapplicable because "three successive prosecutions were undertaken against Mr. Maynard in the span of five weeks. This is quite different from a claim for federal equitable relief when a prosecution is threatened for the first time." The Court stated that "[t]he threat of repeated prosecutions in the future against both him and his wife, and the effect of such a continuing threat on their ability to perform the ordinary tasks of daily life which require an automobile, is sufficient to justify injunctive relief." *Id.* No such compelling need is present in this case.

█ Finally, the statute before us is not "flagrantly and patently" unconstitutional. In rejecting defendant's argument that the term "kickbacks" was unconstitutionally vague and insufficient to provide notice that his conduct was prohibited by law, the *Bynum* court relied upon decisions of the Seventh Circuit and the Illinois Appellate Court, upholding the constitutionality of the same term in a federal statute prohibiting bribes and kickbacks. *See United States v. Ruttenberg,* 625 F.2d 173, 176–77 (7th Cir.1980); *United States v. Hancock,* 604 F.2d 999, 1002 (7th Cir.), *cert. denied,* 444 U.S. 991, 100 S.Ct. 521, 62 L.Ed.2d 420 (1979); *Bethune Plaza, Inc. v. State Dep't of Public Aid,* 90 Ill.App.3d 1133, 1139 n. 1, 46 Ill.Dec. 461, 466 n. 1, 414 N.E.2d 183, 188 n. 1 (1st Dist.1980). In *Hancock,* the court stated that the term "kickback" is commonly used and understood to include "a percentage payment for granting assist-

ance by one in position to open up or control a source of income." 604 F.2d at 1002. The court thus rejected defendants' argument that the term was unconstitutionally vague, holding that the statute gave defendants fair notice that their conduct was forbidden. *Id.* In *Ruttenberg,* the court found that "the term 'kickback,' though apparently originating in the vernacular, was fully understood by the public and the Congress, when the statute was enacted, to mean the transfer back to one having control of the original payment." 625 F.2d at 173. In light of these decisions, we cannot say that the statute before us is flagrantly and patently unconstitutional.

Even if we exercised jurisdiction over this matter, injunctive relief would not be warranted. In order to obtain a preliminary injunction a plaintiff must show that (1) no adequate remedy at law exists; (2) plaintiff will suffer irreparable harm absent injunctive relief; (3) the irreparable harm plaintiff will suffer absent injunctive relief outweighs the irreparable harm the state will suffer if the injunction is granted; (4) the plaintiff has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. *Somerset House, Inc. v. Turnock,* 900 F.2d 1012, 1014–15 (7th Cir.1990). "The plaintiff must satisfy each of these elements to prevail." *Id.*

█ Plaintiff cannot satisfy any of the five elements. First, plaintiff has an adequate remedy at law. He can present his federal defenses directly in state court, or by way of certiorari to the United States Supreme Court or, if imprisoned, through a habeas corpus petition in · federal district court. Second, plaintiff will not suffer irreparable harm absent injunctive relief. " 'The imminence of a [good faith] prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid.'" *Id.* 401 U.S. at 46, 91 S.Ct. at 751 (quoting *Buck,* 313 U.S. at 400, 61 S.Ct. at 966 (quoting *Beal,* 312 U.S. at 49, 61 S.Ct. at 420)). Third, the harm plaintiff will suf-

fer without injunctive relief as a result of a single state prosecution does not outweigh the harm to state if the injunction were granted. The state would be deprived of enforcing its public policy and penal laws designed to protect the public welfare. This in turn would harm the public interest and the notions of "comity" and "Our Federalism." *See Younger*, 401 U.S. at 44–45, 91 S.Ct. at 751. As the Seventh Circuit noted in *Haase*:

> Allowing [a federal plaintiff] to block the [state] prosecution by obtaining an injunction from a federal judge would come close to allowing a state criminal defendant to remove his criminal prosecution into federal court—a course that would wreck the balance between federal and state prerogatives that is struck in the habeas corpus statute. And it would do this gratuitously, since the defendant can interpose his federal defenses in the state action and will even have a later shot at a federal forum—not only the Supreme Court under the certiorari jurisdiction, but also, and more practically, the district court under habeas corpus jurisdiction, provided only that he is convicted and imprisoned, and if not his interest in having access to a federal forum will be much reduced.

*Haase*, 896 F.2d at 1050. Finally, the plaintiff does not have a reasonable likelihood of prevailing on the merits. Plaintiff cannot show that his chances for success "are better than negligible." *Turnock*, 900 F.2d at 1015 (citation omitted). As noted above, both the Seventh Circuit and the Illinois Appellate Court have ruled that "kickback" is a commonly used and understood term that gives defendants fair notice that their conduct is forbidden. Thus, on its face the statute would appear constitutional. Next, the state indictment, which plaintiff attached to the complaint, charges that plaintiff received kickbacks in connection with the furnishing of medical assistance under the public aid code by receiving remuneration from a medical laboratory, among others, in exchange for referring to that laboratory work concerning the specimens of public aid recipients. Such conduct would appear to come within the commonly under-

stood definition of kickback set forth in *Hancock, Ruttenberg,* and *Bynum.* We conclude that the action should be dismissed. *See Berryhill,* 411 U.S. at 577, 93 S.Ct. at 1697.

CONCLUSION

We deny plaintiff's motion for injunctive relief and grant defendants' motion to dismiss plaintiff's complaint. The dismissal is with prejudice.