UNITED STATES of America, Plaintiff–Appellee,

v.

Abel Parama BORROMEO, Defendant–Appellant.

No. 90–5736.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1991.

Decided Jan. 22, 1992.

Timothy S. Black, argued, Graydon, Head & Ritchey (Glenn V. Whitaker, on brief), Cincinnati, Ohio, for defendant-appellant.

Phillip Blair Scott, Asst. U.S. Atty. (Michael W. Carey, U.S. Atty., Amy M. Lecocq, Asst. U.S. Atty., on brief), Charleston, W.Va., for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

SPROUSE, Circuit Judge:

Dr. Abel P. Borromeo, convicted of illegally distributing controlled substances on fifty-two occasions and of conducting the affairs of his medical practice through a pattern of racketeering activity, presents five issues for review. Finding no merit to Borromeo's challenges to the district court's rulings, we affirm his conviction.

Borromeo, licensed by West Virginia to practice medicine, began treating patients in Charleston in 1974. By 1986, he saw as many as sixty patients a day in three separate offices. In 1987, a Drug Enforcement Agency (DEA) investigation prompted by Borromeo's prescribing excessive amounts of controlled drugs culminated in the issuance of a search warrant and a search of his three offices. He was subsequently indicted, but during the initial trial, the court granted Borromeo's motion for a mistrial. After a second trial, the jury found Borromeo guilty of violating section 1962(c) of the Racketeer Influenced and Corrupt Organizations statute (RICO), 18 U.S.C. § 1961 *et seq.*, and of fifty-two counts of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to serve six-and-one-half years in prison and ordered to pay a fine of $150,000. Borromeo presents a host of contended errors, but principally urges that the district court erred by refusing to suppress evidence, by concluding that a second trial was not barred by double jeopardy principles, and by giving a flawed jury instruction concerning the interstate commerce nexus essential to a RICO conviction. Finding no error, we affirm.

I

■ Borromeo first argues that the DEA agents who searched his medical offices exceeded the terms of the valid search warrant and that the court should therefore have suppressed all evidence seized during the search. We review the court's decision for an abuse of discretion.

The search warrants for each of Borromeo's three offices authorized DEA agents to search for and to seize "[a]ny and all records including, but not limited to ... patient records ... medical files, patient appointment books, [and] patient billing records" of thirty-five individuals whose names were listed on the warrants.

As the agents conducted the search for the files of the thirty-five listed patients, they also reviewed all of the patient files in each office. Their review identified fifty-seven other patients who were known to them as drug users. After obtaining the advice of the Assistant United States Attorney who had helped draft the warrant, the agents seized those files as well.

The district court suppressed the evidence pertaining to the additional fifty-seven individuals, reasoning that the failure to establish probable cause as to them amounted to a warrantless search. The court refused Borromeo's motion to exclude evidence relating to the thirty-five patients named in the warrant. In attacking that portion of the district court's ruling on his suppression motion, Borromeo relies on *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir.1988), which mandates the exclusion of "even evidence which is properly seized pursuant to a warrant ... if the officers executing the warrant exhibit 'flagrant disregard' for its terms." We do not think, however, that the circumstances of this case fit the rubric of "flagrant disregard."

The DEA agent in charge of the investigation had worked with an Assistant United States Attorney to ascertain what could be seized under the warrants and later

interrupted the search to confirm that instruction. He was told that the warrants authorized the removal of additional patient files. The district court, considering the conduct of the search and the circumstances leading to it, found that although the officers acted mistakenly, they acted in good faith and not in flagrant disregard of the terms of the warrant. We cannot say that the district court was clearly erroneous in this factual finding. In addition, we are guided by our previous consideration of a search and seizure that exceeded the scope of the warrant when agents appropriated an entire file cabinet instead of removing individual files. *See United States v. Shilling*, 826 F.2d 1365 (4th Cir.1987), *cert. denied*, 484 U.S. 1043, 108 S.Ct. 777, 98 L.Ed.2d 863 (1988). In affirming the trial court's denial of a defense motion to suppress the entire contents of the file cabinet, we noted that "[t]he exclusionary rule does not compel suppression of evidence properly covered by a warrant merely because other material not covered by the warrant was taken during the same search." *Shilling*, at 1369. Given that decision and the fact that the agents here did not flagrantly disregard the terms of the warrant, we agree with the district court's conclusion that the improper search and seizure of the additional fifty-seven files does not require the suppression of the thirty-five files that were lawfully obtained.

## II

■ Borromeo also argues for the first time that the trial court erred in *sua sponte* ruling, as part of its declaring a mistrial, that double jeopardy principles would not bar a second trial. Although part of the evidence which the court previously suppressed as illegally seized included the file of a patient named Morgan, the prosecution introduced the file, direct testimony of Morgan, and the testimony of another witness relating to the Morgan evidence. As a result, Borromeo moved for mistrial. The district court considered the prosecutor's alternatively asserted grounds for presenting the suppressed evidence but, finding no legitimate basis for its introduction, granted Borromeo's motion and declared a mistrial. The court also indicated that because the government's introduction of the suppressed evidence was not an intentional attempt to force a mistrial, there was no bar to a second trial.

Generally, the government is not barred from retrying cases when the first trial ends on the defendant's motion for mistrial. *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *United States v. Wentz*, 800 F.2d 1325, 1327 (4th Cir.1986). In order to escape this rule, Borromeo relies on the narrow exception articulated in *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982), that double jeopardy bars retrial if prosecutors engage in misconduct intended to "goad" the defense into moving for mistrial. Borromeo contends that the prosecutor intentionally misused the suppressed evidence to provoke a mistrial and thereby gain a *de facto* continuance made necessary by the unavailability of its expert witnesses. He also claims that the trial court's ruling on the prosecutor's intent was premature and that the court should have held a separate hearing at which parties could present argument. Borromeo has the burden of proving that the prosecutor intentionally provoked the defense into moving for mistrial. Here, the court effectively found that he had not met that burden. The court's finding concerning the prosecutor's intent is, of course, a factual one which we must accept unless it is clearly erroneous. *Wentz* at 1327; *United States v. Weeks*, 870 F.2d 267, 269 (5th Cir.), *cert. denied*, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57 (1989). At the point of mistrial, the government had finished its presentation of evidence, and the trial court had observed the prosecutor's conduct throughout the trial. Its finding that the mistrial had not been intentionally provoked immediately followed its ruling on the issue of the suppressed evidence. The court clearly had an opportunity to consider all of the facts and circumstances necessary to a determination of intent. Further, defense counsel did not move to bar a second trial and voiced no objections when the court indicated that a

second trial would be proper and forthcoming. Significantly, Borromeo failed to request a further hearing on the issue of prosecutorial intent and did not raise the issue prior to or during the second trial. Even had defense counsel moved for a double jeopardy dismissal, the court necessarily would have considered the same facts it had just contemplated in resolving the mistrial motion. Given these considerations, we find no error.

## III

■ Next, Borromeo challenges his RICO conviction, arguing that the government failed to establish that the enterprise was involved in interstate commerce,* as required by *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir.1988). He contends that because the jury was improperly instructed, they could not have found this essential element of the offense. In charging the jury, the district court instructed them that they could find the necessary interstate commerce nexus if they found "from the evidence beyond a reasonable doubt that the defendant's medical practice during the years 1983 up to the time of the indictment obtained DEA order forms from outside the State of West Virginia." Borromeo argues this instruction is flawed because it misstates the evidence presented by the government, which established only that Borromeo ordered the forms, not, as required, that the enterprise, i.e., the medical practice, ordered them. We are not persuaded. Trial evidence showed that the enterprise had ordered controlled substances from Ohio and Maryland. Thus, even if we were to interpret the instruction narrowly and find error, in our view it would be harmless error.

## IV

Nor do we find merit to Borromeo's other assignments of error. We, of course, cannot accept the suggestion that we adopt

the position of a concurrence in *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), that the phrase "pattern of racketeering activity" was unconstitutionally vague since a majority of the Supreme Court in *H.J. Inc.* implicitly rejected that suggestion.

Similarly, we are unpersuaded by Borromeo's contention that the conduct of government attorneys throughout his prosecution was so outrageous as to violate his fundamental right to due process of law. Borromeo argues that the government's purposeful delay denied him effective assistance of counsel. His court-appointed attorney, Thomas Smith, was initially allowed to withdraw from representation because of an asserted conflict of interest involving a potential witness. Smith was then re-appointed along with a second attorney, Benjamin Bailey. Smith's re-appointment was conditioned, however, on whether the prosecution would require the testimony of the involved witness. Shortly before the trial date, the government advised the court that it intended to call the witness. Smith again withdrew from the case with the result that his co-counsel, Bailey, represented Borromeo at trial. On appeal, Borromeo urges that the government intentionally delayed notifying the court that it intended to call the witness in order to disqualify Smith as close to the trial date as possible, thereby purposefully burdening Borromeo with an attorney who had worked on his case for only two months.

This argument ignores Smith's statements that he did not believe the prosecutors acted in bad faith. The court had appointed Smith and Bailey to jointly represent Borromeo in the event of Smith's withdrawal, and the record reflects that Bailey pursued the case vigorously and effectively both before and after trial. We are persuaded that Borromeo was not only not

---

* Section 1962(c) reads:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or partic-

ipate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

denied effective assistance of counsel but was well represented.

■ Nor do we think Borromeo was unconstitutionally deprived of the services of a paid attorney as a result of the government's forfeiture action against funds found to be derived from his narcotics activities. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Also meritless are Borromeo's objections to evidentiary rulings and his rehashing of the prosecutorial misconduct allegations as a fourteenth amendment issue.

AFFIRMED.