972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SCHEWEL FURNITURE COMPANY, INCORPORATED, Plaintiff-Appellee,
Alexander Wayne BELL, Appellee,
v.
WARRANTY CORPORATION OF AMERICA, INCORPORATED; Glen H.
Hammer, Defendants-Appellants,
and
EXTENDED SERVICE OF AMERICA, INCORPORATED; Larry V.
Peterson; Richard E. Peterson; Gary Proctor; Keith D.
Williamson; Larry M. Higbee; Chandler Craig Browning;
Martin J. Blank; Larry I. Dorfman; Danny C. Wright,
American Fidelity Insurance Company; Financial Guardian,
Incorporated; F. G. Reinsurance, Limited; Doran R. Oneale;
American Hardware Mutual Insurance Company; Commercial
Casualty Insurance Company; A. R. Custard; John Doe; Jane
Doe, Defendants.
 No. 91-1637.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 1, 1992
Decided: July 22, 1992
 
 Argued: John Merlin Bruce, Weinstock & Scavo, P.C., Atlanta, Georgia, for Appellant.
 Donna Helene Schewel, Davidson, Sakolosky & Richards, P.C., Lynchburg, Virginia, for Appellee.
 On Brief: Michael Weinstock, Weinstock & Scavo, P.C., Atlanta, Georgia, for Appellant.
 James J. Sakolosky, Davidson, Sakolosky & Richards, P.C., Lynchburg, Virginia, for Appellee.
 Before ERVIN, Chief Judge, and HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The case arises as an appeal of the district court's denial of a motion for Rule 11 sanctions brought by Warranty Corporation of America, and its president Glen H. Hammer ("appellant"), against Schewel Furniture Company, Inc. ("appellee"). On February 13, 1991, after three days of a trial involving appellee's claim that appellant had made fraudulent and harmful representations in their past business relationship, appellee sought and was granted a dismissal of its own action. While, in the form in which it was granted, the dismissal was stated to be without prejudice, the trial court indicated that the grant of the motion was conditioned on an agreement by the parties that there would be no further suits arising out of the issues involved in the trial.
 
 
 2
 Despite such an agreement by the parties, on March 28, 1991, the appellant filed a motion for Rule 11 sanctions against appellee citing as its basis for relief activities of appellee counsel in connection with the dismissed cause of action. On April 22, and again on May 20, the district court denied the motion stating that irrespective of the merit of the claim, the motion could not be granted because all potential causes of action between the parties were released at the time of the dismissal without prejudice.
 
 
 3
 Appellant clearly agreed to the conditions set out by the district court in its dismissal. The appellant's filing of a motion for Rule 11 sanctions violated the dismissal order, and the district court properly denied the motion.
 
 
 4
 The appellee is a Virginia corporation with sales throughout the southeast United States. The appellant is a Georgia corporation engaged in the business of selling and administering extended warranty service contracts for home appliances. The appellant and appellee first entered into a contractual relationship in June of 1989. In November of that year, the appellee filed a complaint in federal district court against nineteen parties, including the appellant, alleging violations of federal and state law arising out of promises claimed to be fraudulent that the appellant would insure extended warranty contracts issued by the appellee.
 
 
 5
 Ultimately, a trial ensued with the appellant and the appellee as exclusive parties. On February 13, 1991, the third day of the trial, counsel for the appellee stated that it would be prepared to move for dismissal without prejudice of that action against the appellant pursuant to Fed. R. Civ. P. 41(a)(2). Counsel for the appellant responded that he would prefer a dismissal with prejudice, or a reinstatement of his motion for summary judgment. After a brief colloquy, the court granted the appellee's motion for dismissal without prejudice "on the condition that there will be no further suits filed arising out of this, whether by Schewel against Hammer and Warranty Corporation of America ('WaCA') or by WaCA and Hammer against Schewel and/or their counsel." All parties accepted the court's ruling without protest. In the dismissal order filed on March 18, 1991, the court stated that the parties agreed "that none of them will pursue claims against the other for any matter which was raised or could have been raised in this litigation."
 
 
 6
 On March 28, 1991, the appellant filed a motion for Rule 11 sanctions against the appellee alleging that counsel for the appellee filed suit against the appellant without sufficient knowledge as to the appellant's supposed involvement in an alleged conspiracy, and that counsel for the appellee continued legal proceedings when it became clear that the appellant was not involved in the conspiracy. The district court denied appellant's motion, ruling that:"[w]hatever merit the allegations in support of the motion for sanctions may have, the motion cannot be sustained because all causes of action, including sanctions, between the parties and counsel were released at the time this case was settled."
 
 
 7
 While we should perhaps be slow to accept something as obvious, occasionally something is. Here, unambiguously clear language agreed to by the appellant stands as a bar to the grant of Rule 11 sanctions. While dismissal was perhaps without prejudice to some things, it clearly was with prejudice regarding pursuit of claims by either party against the other for any matter which could have been raised in the litigation disposed of by dismissal. Federal Rule of Civil Procedure 41(a)(2) allows the court to dismiss a claim without prejudice "upon such terms and conditions as the court deems proper" and decisions regarding the conditions of dismissal are addressed to the sound discretion of the district court. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).
 
 
 8
 The district court's conclusion as to the intent of the parties at the time that the dismissal was agreed upon is factual in nature, and must be reviewed pursuant to the clearly erroneous standard. United States v. Borromeo, 954 F.2d 245, 247 (4th Cir. 1992). There is sufficient evidence in the record to indicate that the district court properly concluded that the appellant (who stated a preference for dismissal with prejudice) agreed not to bring any further suit against the appellee or counsel for the appellee arising out of the litigation in question. The issue of the effect of the dismissal was discussed by all parties, and the court expressed its view of the conditions of the dismissal, and counsel for the appellant expressed no objections.
 
 AFFIRMED