**COMMONWEALTH OF VIRGINIA,**
Appellant,

v.

**Frank D. KELLY, Jr., Appellee.**

**No. 94–1880.**

United States Court of Appeals,
Fourth Circuit.

July 8, 1994.

## ORDER

LUTTIG, Circuit Judge.

Appellant communicated with my office by telephone at approximately 9:30 a.m. this morning to request that I entertain, as a single Circuit Judge, an emergency appeal from an order entered last evening by the United States District Court for the Eastern District of Virginia (Brinkema, J.) granting appellee Frank D. Kelly's Motion for a Temporary Restraining Order. Appellant later noted an appeal from the district court's order. The effect of the order entered by the district court was to stay Kelly's state trial on first degree murder, abduction and use of a firearm during the commission of a felony charges, scheduled to begin on Monday, July 11, 1994, in the Circuit Court of Fairfax County. Given the extraordinary nature of the district court's action, I agreed to hear the appeal on an emergency basis as a single Circuit Judge pursuant to Fed. R.App. P. 8, and ordered that the parties submit briefs at times certain. After consideration of the materials submitted, for the reasons that follow, it is hereby directed that the order of the district court is dissolved.

The relevant facts underlying this appeal are recited in the various orders and opinions of the respective state courts and in the submissions of the parties, and in the interest of expediency, will not be repeated in full here. Insofar as is relevant, the facts are as follows. During Kelly's first degree murder trial, which began on February 28, 1994, it became apparent that the Commonwealth had failed to provide defense counsel with potentially exculpatory evidence. Kelly moved for, but was denied, a mistrial by the Circuit Court of Fairfax County. However, a six-day recess was declared and the Commonwealth was ordered to review its files and promptly produce all exculpatory evidence to the defendant. On the morning of the day that the trial was scheduled to resume, the Commonwealth produced additional potentially exculpatory evidence to the defense. Given the tardiness of this production, the defendant moved for, and was granted, a mistrial over the Commonwealth's objection.

■ Defendant thereafter moved to dismiss the indictments pending against him on double jeopardy grounds. On this motion, the trial court conducted a three-day hearing on the circumstances surrounding the Commonwealth's failure to produce the assertedly exculpatory information. At the conclusion of that hearing, the trial court determined that the Commonwealth's actions were inexcusable, and, indeed, reprehensible. However, the court went on to make explicit findings "beyond any reasonable doubt" that "the Commonwealth ... did not intend to provoke a mistrial." Tr. at 166–67. In fact, the court found that "the objective evidence is to the contrary." *Id.* at 168. On the strength of these findings, which were not discussed by the district court below, the trial court denied the motion to dismiss.

The Circuit Court, the Court of Appeals of Virginia, and the Virginia Supreme Court, thereafter, each denied defendant's motions to stay further proceedings. Defendant's appeal from the denial of his motion to dismiss remains pending before the Virginia Supreme Court.

The district court, acting upon defendant's Motion for Temporary Restraining Order, which variously asserted jurisdiction based upon 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 2254, last night stayed defendant's scheduled murder trial pending resolution of defendant's double jeopardy claim by the Virginia Supreme Court, and issued a

memorandum opinion in explanation of its order late this afternoon. This Motion to Dissolve Temporary Restraining Order by the Commonwealth followed issuance of the stay order.

In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the United States Supreme Court unanimously held that the Double Jeopardy Clause of the Fifth Amendment, as made applicable to the states through the Fourteenth Amendment, generally does not bar the retrial of a defendant following the grant of a mistrial upon defendant's own motion. *Id.* at 672–73, 679, 102 S.Ct. at 2087–88, 2091–92; *see also United States v. Borromeo*, 954 F.2d 245, 247 (4th Cir.1992). Writing for the Court, then Justice Rehnquist explained that the only exceptions to this general rule are "limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Kennedy,* 456 U.S. at 679, 102 S.Ct. at 2091; *see also Borromeo,* 954 F.2d at 247.

*Kennedy* is indistinguishable in principle from the case *sub judice,* and dictates the conclusion that Kelly is, at the very least, unlikely to prevail on the merits of his double jeopardy claim. Here, as in *Kennedy,* the state courts of the Commonwealth of Virginia have found expressly as a factual matter that the Commonwealth Attorney's conduct was not intended to provoke a mistrial. Indeed, as noted, those courts found that the objective evidence was to the contrary and that no such intent existed. There is not apparent any reasonable basis for a federal court to second-guess these findings. *Cf.* 28 U.S.C. § 2254; *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Therefore, it appears, as in *Kennedy,* "that is the end of the matter for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." 456 U.S. at 679, 102 S.Ct. at 2091.

■ The district court did not even address the likelihood of success on the merits of Kelly's *federal* double jeopardy claim. Rather, and inexplicably, it confined its discussion to the likelihood of success on the merits of Kelly's *state* double jeopardy claim.

The court concluded that the Virginia courts "have not yet resolved" the issue of the scope of the state's double jeopardy right. The court rested its conclusion entirely upon its speculation from the state intermediate appellate court's grant of rehearing *en banc* in the case of *Robinson v. Commonwealth of Virginia,* 439 S.E.2d 622 (Va.Ct.App.1994), that that state court might be "willing" "to at least consider adopting the views expressed in the dissent in [*Robinson*]." Order at 6–8. That speculation in other words appears to have been based upon the court's own assessment of the persuasiveness of the opinion by the dissenting judge in *Robinson,* as evidenced by the extensive quotation from that opinion in the district court's memorandum. In the end, on this reasoning, the court determined that because the state law was uncertain, it could not determine the likelihood of success on the merits of Kelly's claim. *Id.*

The short answer to the district court's reasoning is that the courts of the Commonwealth of Virginia, including the Virginia Supreme Court itself, have determined in this particular case, *and under the existing law of Virginia,* which embraces the standard of *Oregon v. Kennedy, see, e.g., Robinson,* 439 S.E.2d at 623 (quoting *MacKenzie v. Commonwealth,* 8 Va.App. 236, 380 S.E.2d 173, 175 (1989)), that a stay is not warranted. The federal courts have no right to sit in judgment of such determinations of state constitutional law, where, as here, the federal right has been protected. And they have even less right to do so (if that is possible) on the strength of nothing more than a guess, based upon a vote by an intermediate state court to rehear a case *en banc,* as to how state law *might* develop in the future. That ultimately the state double jeopardy right might develop so as to provide broader protection than the federal counterpart is of no moment for Kelly's federal double jeopardy claim.

There being little, if any, likelihood that Kelly can succeed on the merits of his federal double jeopardy claim, *see Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189 (4th Cir.1977), and the public interests weighing heavily in favor of the Common-

148

wealth's ability to pursue its criminal proceedings free of federal court intervention, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the district court erred in staying Kelly's state murder, abduction and firearms trial on the eve of its commencement. *See, e.g., In re Cleandrew Foster,* No. 88–6057 (4th Cir. Feb. 10, 1989) (unpublished) (affirming district court's denial of motion for stay of state criminal proceedings pending appellate review of double jeopardy claim).

The stay of the district court accordingly is dissolved, this mandate to issue immediately. It is so ordered.