59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward LEAK, Jr., a/k/a Shane, Defendant-Appellant.
 No. 94-5395.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1995.
Decided June 27, 1995.
 
 Walter T. Johnson, Jr., Greensboro, NC, for appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, NC, for appellee.
 Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Leak appeals the district court's sentence of 156 months following his conviction for possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C.A. Secs. 841(a)(1) & (b)(1)(A) (West 1981 & Supp.1995), and 18 U.S.C. Sec. 2 (1988). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel contends that in light of Leak's criminal record, the district court imposed an excessive sentence even though the sentence imposed was within the applicable guideline range. Leak filed a supplemental brief raising issues of double jeopardy and sufficiency of the evidence. Finding no reversible error, we affirm.
 
 
 2
 First, Leak claims that the evidence was insufficient to sustain a conviction of "aiding and abetting." Leak was never charged with "aiding and abetting," nor was he convicted of "aiding and abetting." Leak was charged and convicted as a principal under 18 U.S.C. Sec. 2 (1988); therefore, Leak's claim is baseless.
 
 
 3
 Next, Leak asserts that his retrial, after the court granted his Fed.R.Civ.P. 33 motion for a new trial, violated the Double Jeopardy Clause of the Fifth Amendment. Double jeopardy bars retrial only if judicial or prosecutorial misconduct was intended to provoke Leak's motion. The question of provocation is factual and will be reversed only if clearly erroneous. United States v. Borromeo, 954 F.2d 245, 247 (4th Cir.), cert. denied, 112 S.Ct. 3012 (1992); United States v. Wentz, 800 F.2d 1325, 1327 (4th Cir.1986). Because Leak made no showing that the prosecution's violation of its open file policy was intentional, the district court's finding that the prosecution had not intentionally withheld information was not clearly erroneous. Consequently, the second prosecution was not a double jeopardy violation. Borromeo, 954 F.2d at 247.
 
 
 4
 Finally, Leak and his counsel claim that the district court erred by not imposing a lesser sentence. Leak contends that his limited criminal history merits a sentence at or below the mandatory minimum of 151 months. We decline to consider the merits of Leak's claim because the district court may fix a sentence at any point it deems appropriate within the guideline range, United States v. Roberts, 881 F.2d 95, 102-03, 106-07 (4th Cir.1989), and the appellate courts lack jurisdiction to review its decision. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994); United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). Here, the district court imposed a sentence of 156 months, near the bottom of the applicable guideline range of 151 to 188 months, so the court lacks jurisdiction to review the sentence.
 
 
 5
 We deny Leak's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We further deny Leak's motion for substitute counsel. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 AFFIRMED