**Arthur M. FIELD, Ph.D., Kathryn Taillon, T. Bart Kelley, and Capital Investment Funding, LLC, Plaintiffs,**

**v.**

**Henry D. McMASTER, Individually and as Securities Commissioner of South Carolina, William J. Condon, Jr., Individually and as an Assistant Securities Commissioner, Tommy Windsor, Individually and as Securities Investiga-**

tor, Joe F. Jordan, Jr., Individually and as an Investigator of the Attorney General, Jennifer Evans, by Personal Representative, Lansing Logan, Individually and as a Special Investigator of the Attorney General, State of South Carolina Office of the Attorney General, Defendants.

C.A. No. 6:09–1949–HMH–BHH.

United States District Court,
D. South Carolina,
Greenville Division.

Sept. 24, 2009.

Arthur M. Field, Greer, SC, pro se.

Kathryn Taillon, Greer, SC, pro se.

T. Bart Kelley, Easley, SC, pro se.

Capital Investment Funding LLC, pro se.

William Henry Davidson, II, Davidson Morrison and Lindemann, Columbia, SC, for Defendants.

**OPINION & ORDER**

HENRY M. HERLONG, JR., Senior District Judge.

■ This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiffs Arthur M. Field, Ph.D. ("Field") and Kathryn Taillon ("Taillon"), proceeding pro se, filed a motion seeking a temporary restraining order ("TRO") or, in the alternative, a preliminary injunction, enjoining Defendants from "threatened prosecution of the plaintiffs." (Mot. TRO 1.) In her Report and Recommendation, Magistrate Judge Hendricks recommends denying Field and Taillon's motion.[2]

■ Field and Taillon filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir.1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give

1. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

2. Specifically, Magistrate Judge Hendricks recommends denying Field and Taillon's motion for a TRO. The magistrate judge did not consider a preliminary injunction because the "Summons and Complaint, in this case, have not yet been served [and the] defendants have no formal notice of the motion." (Report & Recommendation 1.) *See* Fed.R.Civ.P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party.").

any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983).

Upon review, the court finds that many of Field and Taillon's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate their claims. However, Field and Taillon have submitted two specific objections: (1) the magistrate judge applied the incorrect standard in deciding the motion for TRO and (2) the magistrate judge erred in finding that Field and Taillon did not demonstrate irreparable harm. (Objections 1–2.)

■ First, Field and Taillon allege that the "[m]agistrate applied the standards and cases for preliminary injunctive relief; not temporary restraining orders." (*Id.* at 1.) This objection is without merit. "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne,* 464 F.Supp.2d 519, 525 (E.D.Va.2006). Thus, the magistrate judge did not err in citing to case law which discussed the standard for preliminary injunctions. Accordingly, Field and Taillon's objection is without merit.

■ Second, Field and Taillon allege that the magistrate judge erred in finding that they did not demonstrate irreparable harm. Field and Taillon seek a TRO restraining Defendants from "issuing further threats of prosecution against Plaintiffs," and "pursuing further investigation of the Plaintiffs . . . in relation to the activities of Capital Investment Funding, LLC." (Mot. TRO 2.) Field and Taillon argue that "they are being investigated and suffer the real threat of prosecution . . . under the terms of the South Carolina Uniform Securities Act and contend such statute is unconstitutional on its face and as applied." (Objections 2.) Additionally, Field and Taillon allege that Defendants' threat of criminal investigation violates Plaintiffs' right "to

be free from liability and the extreme burdens of litigation." (Mot. TRO 3.) Field and Taillon allege that the "threats of imminent criminal investigation" by Defendants has and will continue to cause them irreparable harm. (*Id.* at 3.)

The magistrate judge concluded that "the threat of prosecution does not qualify as irreparable harm sufficient to justify an injunction." (Report & Recommendation 3.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.,* —— U.S. ——, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). "[A]ll four requirements must be satisfied." *The Real Truth About Obama, Inc. v. Federal Election Comm'n,* 575 F.3d 342, 346 (4th Cir.2009).

■ "[W]hen a genuine threat of prosecution exists, a litigant is entitled to resort to a federal forum to seek redress for an alleged deprivation of federal rights." *Wooley v. Maynard,* 430 U.S. 705, 710, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). However, "a federal court should not enjoin threatened prosecutions except when necessary to prevent irreparable harm which is great and immediate." *Bykofsky v. Borough of Middletown,* 389 F.Supp. 836, 844 (M.D.Pa.1975). Here, Field and Taillon allege that Defendants' threats of prosecution have been made in "bad faith." (Objections, generally). Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant,* 421 U.S. 117, 126 n. 6, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

Field and Taillon allege that Defendants have committed acts such as, "telephoned

persons within and outside of South Carolina and informed such persons that ... Plaintiffs [were] the subject of criminal investigation for securities fraud," "misused and abused and will continue to misuse and abuse their powers and positions as investigators by issuing subpoena in the name of the Securities Commissioner ... for their own devious purposes in violation of law and to cause irreparable injury to plaintiffs," "succeeded in wrongfully 'freezing' the accounts of Arthur Field, Taillon, Davyd Field and Allison Field," and "published ... wrongfully obtained information to the Greenville News ... to bias any future jury pool." (Mot. TRO 5.) Field and Taillon have not, however, established that Defendants have no legitimate claim against them.

Accordingly, while Defendants' alleged behavior may create defenses or separate causes of action, Field and Taillon have not demonstrated that the alleged threat of prosecution has been made in bad faith or will result in irreparable harm requiring the court to grant injunctive relief. For example, Field and Taillon have not demonstrated how they would be deprived of a constitutional right if the court did not grant them injunctive relief. Rather, Field and Taillon assert that they wish to be protected from the burdens of litigation. The burden of litigation not brought in bad faith, however, is not an irreparable injury. Accordingly, Field and Taillon have failed to demonstrate that Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief. Thus, their objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendrick's Report and Recommendation.

It is therefore

**ORDERED** that Plaintiffs Field and Taillon's motion for a TRO, docket number 6, is denied.

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE*

BRUCE HOWE HENDRICKS, United States Magistrate Judge.

The plaintiffs, proceeding *pro se*, have brought this action alleging constitutional violations pursuant to 42 U.S.C. §§ 1983, 1985, 1988; 12 U.S.C. 3401, *et seq.;* and 28 U.S.C. 2201, 2202, and requesting the Court to enjoin threatened state prosecution. The plaintiffs have also pled various state law claims. The matter is before the Court on the plaintiff's motions for a temporary restraining order ("TRO") or, in the alternative, for a preliminary injunction. [Doc. at 6.] The Summons and Complaint, in this case, have not yet been served. The defendants have no formal notice of the motion. It, therefore, will be treated as one for a TRO. Fed.R.Civ.P. 65(b).

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted ... only if it clearly appears from specific facts shown ... that immediate and irreparable injury, loss, or damage will result to the applicant." In its recent opinion in *Winter v. Natural Resources Defense Council, Inc.,* — U.S. ——, 129 S.Ct. 365, 374–76, 172 L.Ed.2d 249 (2008), the United States Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips

in his favor, and [4] that an injunction is in the public interest." *Id.* at 374. Critically, all four requirements must be satisfied. *Id.* Indeed, the Supreme Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375–76.

Before the Supreme Court's decision in *Winter*, the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977), governed the grant or denial of preliminary injunctions and temporary restraining orders in the Fourth Circuit. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811–14 (4th Cir.1991); *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359–60 (4th Cir. 1991); *see also Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir.1994) (applying Blackwelder test for a temporary restraining order).

This month, in *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir.2009), the Fourth Circuit expressly concluded that the *Blackwelder* standard stood "in fatal tension with the Supreme Court's 2008 decision in *Winter*." *Id.* at 346. First, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id.* Moreover, the standard for likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented" for litigation. *Id.* Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* That the plaintiff's harm might simply outweigh the defendant's is no longer sufficient. *Id.*

Moreover, this showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id.* Third, the Court is admonished to pay "particular regard" to the "public consequences" of any relief granted. *Id.* Lastly, there no longer exists any flexible interplay between the factors; all four elements of the test must be satisfied. *Id.*

Applying this stricter standard to the present case makes it clear that no injunction or restraining order should issue in this case. Namely, it appears that the threat of prosecution does not qualify as irreparable harm sufficient to justify an injunction. In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the United States Supreme Court recognized that principles of judicial economy, as well as proper state-federal relations, preclude federal courts from exercising equitable jurisdiction to enjoin *ongoing* state prosecutions. *Id.* at 43, 91 S.Ct. 746. But *Younger* does not have any direct application to the present case where no prosecution has actually been instituted. *See Wooley v. Maynard*, 430 U.S. 705, 709, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). When a genuine *threat* of prosecution exists, a litigant generally remains entitled to resort to a federal forum to seek redress for an alleged deprivation of federal rights. *See id.; Steffel v. Thompson*, 415 U.S. 452, 462–63, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

But the D.C. Circuit Court of Appeals has observed that the Supreme Court has generally "upheld federal injunctions to restrain state criminal proceedings *only where the threatened prosecution chilled exercise of First Amendment rights.*" *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C.Cir.1987) (emphasis added); *see, e.g., Wooley*, 430 U.S. 705, 97 S.Ct. 1428 (threatened enforcement of unconstitution-

al statute requiring "Live Free or Die" motto on car license plate against those covering up motto); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (ordinance banning topless dancing, enforcement of which threatens to bankrupt petitioner); *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (civil rights workers repeatedly prosecuted under state law broadly regulating speech); *see also Steffel,* 415 U.S. 452, 94 S.Ct. 1209 (1974) (granting declaratory relief to handbill distributors repeatedly threatened with arrest).

The normal burdens and incidents of criminal prosecution, however, do not qualify as irreparable injury. "Although it is surely true that an innocent person may suffer great harm to his reputation and property by being erroneously accused of a crime, all citizens must submit to a criminal prosecution brought in good faith so that larger societal interests may be preserved." *Deaver,* 822 F.2d at 69; (*citing Douglas v. City of Jeannette,* 319 U.S. 157, 163, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); *Beal v. Missouri Pacific R.R. Corp.,* 312 U.S. 45, 49, 61 S.Ct. 418, 85 L.Ed. 577 (1941)). "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

So in the absence of some chilling effect on constitutional rights, as were involved in *Wooley, Doran, Dombrowski,* and *Steffel,* it seems that no injunction should lie for a merely threatened state prosecution. The plaintiffs, here, allege no such impingement on the exercise of any constitutional right, to wit, freedom of speech, etc. Instead they contend that they "will be forced to withstand a brutal prosecution and the destruction of their families, their financial well-being and may be prevented from winding up CIF in a swift and orderly fashion." (Mot. TRO at 11.) This is precisely the type of injury which does not authorize the federal court to enjoin a threatened state prosecution. As stated, the ordinary burdens and risks of prosecution do not constitute the kind of irreparable harm sufficient to permit federal court intervention. *Deaver,* 822 F.2d at 69.

The plaintiff has certainly alleged that the investigation and threatened prosecution are in bad faith and for retaliatory motives. *Id.* at 4–5. The plaintiffs, however, have only catalogued procedural abuses and harassment of allegedly constitutional dimension, which may very well be true and accurate. *See id.* But the threats and abuses, while allegedly in violation *of* constitutional rights do not, in fact, threaten to impair the *exercise* of any such rights rights. The allegedly threatened prosecution relates to state corporate registration requirements and other business matters (Compl. at 7–9) and not to the plaintiff's exercise of their right to freedom of speech or some other constitutionally guaranteed right. Instead, the plaintiffs have framed the constitutional issues as one of abuse of executive authority and power, to wit, improper subpoenas, unconstitutional designation of attorney general as securities commissioner etc. (See Compl. at 17.) And to these such concerns, wrongful prosecution or unconstitutional procedural abuses, the plaintiffs are "thought to have an adequate non-injunctive remedy; [they] may raise [their] constitutional claim as a defense in the state criminal proceedings, once initiated." *Deaver,* 822 F.2d at 66. To borrow from *Younger* jurisprudence, "The policy of equitable restraint ... is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v.*

*Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975).

In other words, to the extent the prosecution is fraudulent, here, the state courts have the ability and the authority, concomitant to that of the federal court, to reject it and vindicate the plaintiffs' rights. For example, if it is unconstitutional for the attorney general to act as a securities commissioner, the state court may resolve it. This Court need not intervene to ensure that outcome. The perceived threat of injury, therefore, cannot be characterized as irreparable. The plaintiffs have remedy, therefore, even were the threatened prosecutions to materialize. And, the burdens incident to prosecution are simply insufficient, even where the threatened prosecution and investigation have constitutionally relevant procedural defects. The fact that the plaintiffs believe they will "probably be destroyed" (Motion TRO at 15) is not evidence that the harm is irreparable. Destruction of their business will either be (a) averted by the protection, as to both state and federal constitutional rights, afforded in the state court system or (b) proven justified by the state's prosecution. Either way the state court should be trusted and respected, in this regard. The Court, therefore, believes that it is constrained to deny the preliminary relief sought, particularly prior to any notice to the defendants. In a separate order, the Court will order issuance of the summons for service with the Complaint by the plaintiffs.

A failure to establish any of the elements necessary for relief is fatal to the request for a temporary restraining order. *Winter,* 129 S.Ct. at 374. Insofar as the plaintiffs cannot establish that irreparable harm is likely, their motion should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 6] be DENIED.

**IT IS SO RECOMMENDED.**

August 25, 2009, Greenville, South Carolina